SIEGEL, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 10—February 4, 1930.*

*F. Carney Nelligan* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by *Lloyd D. Smith,* district attorney of Waupaca county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Smith* and *Mr. Messerschmidt.*

FRITZ, J. The only alleged error which the plaintiff in error is entitled to have reviewed at this time is in relation to the form of the verdict which was submitted to the jury. Upon the close of the testimony the court submitted that form to the attorneys for all parties. It began as follows:

"We, the jury in the above entitled action, for our verdict herein find as follows:

"As to the first count in the information charging the

defendants with having received and concealed stolen property, to wit, the automobile of J. H. Weyher, as follows:

"The defendant, Guy R. Siegel, ——————————— guilty.
"The defendant, E. H. Vincent, ——————————— guilty.
"The defendant, Earl Meating, ——————————— guilty."

The length of the line indicating the blank space preceding the word "guilty" was at least 1 and 5-16 of an inch in each instance. The same form was followed throughout the balance of the verdict as to each of the remaining thirty-seven counts, and each defendant. None of the attorneys for the defendants objected to the form of the verdict, and their only request was that there be also submitted a general verdict of not guilty as to each defendant. Thereupon the court said:

"I think the verdict proposed by the court is sufficient to protect the defendants, and with any explanation there cannot be any chance for any error or mistake on the part of the jury."

Subsequently, during the charge to the jury, which was delivered orally, and of which a typewritten copy was also handed to the jury, the court said:

"There is but one form of verdict submitted. Wherever in that verdict you find a blank space (except for foreman's signature) if you have any reasonable doubt of the guilt of the defendant whose name follows the blank, you will write in the word 'not.' If you are convinced beyond a reasonable doubt of the guilt of such defendant you will leave the space blank—which will mean that you have found him guilty."

After five hours' deliberation the jurors were called into the court room and in open court the judge asked if they understood the verdict. The foreman said "We do." When the verdict was returned, the court read the verdict and asked whether all agreed to find each defendant guilty on each count, and the jury replied affirmatively.

In view of the careful explanation by the court in its instructions to the jury as to the purpose of the blank spaces

preceding the word "guilty" in the form for the verdict, and that the jury was to write in the word "not" in such of those spaces as to which they had any reasonable doubt of the guilt of the defendant named, and also the care exercised by the court in receiving the verdict and not accepting it until the jurors replied, in answer to the judge's inquiry, that they found each defendant guilty as to each count, there was no error in submitting that form for verdict. There is no occasion to believe that any defendant was prejudiced by the court's failure to also prepare additional sets of forms with the words "not guilty" inserted by the court as to each of the defendants, and as to each count. As the jury might have found one or the other of the defendants guilty as to some counts and not guilty as to others, and not made the same findings as to any two defendants, it becomes manifest, upon mere reflection, that to submit forms for all possible alternative verdicts would have been very confusing and impracticable.

Another matter is presented by counsel which, strictly speaking, is not open to review at this time. On November 28, 1928, with all defendants in attendance, the court, after duly disposing of all essential preliminary proceedings, orally pronounced judgment and sentence. Apparently, because of the large number of counts involved; the requirement of sec. 54.03, Stats., that sentences shall be for indeterminate terms, with a specification as to the minimum and the maximum periods; the intention of the court that the sentences imposed on some counts should run concurrently, and those imposed on other counts should run consecutively; and other conflicting circumstances, some ambiguity resulted, and to avoid uncertainty the court extemporaneously restated the sentence somewhat differently in form, but not in substance and ultimate effect. At all events, the last restatement constitutes the final and controlling judgment of the court. That sentences the plaintiff in error, as well as his codefendants, to imprisonment in the state prison at

Waupun for indeterminate terms of from two to four years on the first count, and from two to four years on the second count, and for indeterminate terms of from two to four years on all of the others of the first twenty-six counts, with the proviso that the terms imposed as to all counts other than the first and second counts shall run concurrently with the terms of the sentences imposed on the first and second counts. The court did not specify that the term of the sentence imposed on the second count was to run concurrently with the term of the sentence imposed on the first count. Consequently, by virtue of sec. 359.07, Stats., the term of the sentence imposed on the second count commences to run at the expiration of—and not until the expiration of—the term of the sentence first imposed on the first count. The ultimate result is, as was stated by the court in its concluding words, "so the sentence he is to serve will be from four to eight years."

As the offenses charged in counts numbered 27 to 38 were merely misdemeanors, the court stated that there would be no sentence on those counts, and they require no further consideration.

Later, when the court was not in session, the judge, in chambers, and in the absence of the defendants, reduced the judgment and sentence to writing in somewhat different form, but in substance again provided for two consecutive indeterminate terms of two to four years each. After the defendants had been committed to the state prison, the warden inquired as to the sentence. On January 28, 1929, Judge PARK, in writing, again restated the sentence, in somewhat different form, but, in substance, again provided for two consecutive indeterminate terms of two to four years each.

In *State ex rel. Zabel v. Municipal Court,* 179 Wis. 195, 199, 190 N. W. 121, 191 N. W. 565, this court said:

"A court has power to reconsider the judgment and sentence in a criminal case and to revise and correct it by

modifying and even by increasing its severity if done during the term at which the judgment and sentence is pronounced and before the sentence has been executed or put into operation." See, also, *State ex rel. Traister v. Mahoney,* 196 Wis. 113, 122, 219 N. W. 383.

However, it is well established that the constitutional rights of a defendant entitle him to be present in court when sentence is pronounced against him, and that such a proceeding in his absence is void. *French v. State,* 85 Wis. 400, 55 N. W. 566. Consequently, all proceedings after the oral pronouncement of judgment in open court, in the presence of the defendant, on November 28, 1928, are void and of no effect. The final statement during the course of that oral pronouncement on November 28, 1928, as hereinbefore construed, constitutes the sentence which the plaintiff in error must serve.

*By the Court.*—Judgment affirmed.