STATE of Wisconsin, Plaintiff-Respondent,

v.

Raymond F. SCHORDIE, Defendant-Appellant.†

Court of Appeals

*No. 97–0071–CR. Submitted on briefs September 24, 1997.—Decided October 15, 1997.*

(Also reported in 570 N.W.2d 881.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Gerald P. Boyle* of *Boyle, Boyle & Smith, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *James M. Freimuth,* assistant attorney general.

Before Snyder, P.J., Brown and Anderson, JJ.

BROWN, J. Raymond F. Schordie was convicted of felony bail jumping. The trial court withheld sentencing and placed him on probation for five years. Schordie subsequently violated the terms of his probation, and the trial court sentenced Schordie to the five-year maximum term for the felony bail jumping conviction. Schordie argues that his sentence is unduly harsh because the trial court improperly took into account the acts resulting in the revocation of his probation. We disagree and hold that a trial court may consider all relevant information, including the acts resulting in revocation, at sentencing.

The pertinent facts are as follows. In 1994, a trial court convicted Schordie of felony bail jumping in violation of § 946.49(1)(b), STATS., 1993–94, following his conviction for violating a domestic abuse injunction. The trial court sentenced Schordie to two years in prison for violating the domestic abuse injunction. However, it withheld sentence on the felony bail jumping conviction and imposed a five-year term of probation to operate concurrently to the two-year prison term.[1]

---

[1] We note that Schordie was also convicted of resisting an officer, and the trial court withheld sentence and imposed a five-year term of probation to run consecutive to the two-year prison term. Schordie's probation on this conviction has not been revoked. But the judgment of conviction states that Schordie was placed on probation for three years, not five. However, the record reflects that the trial court unambiguously stated that both terms of probation were for five years. When there is a conflict between the judgment of conviction and an unambiguous record of the trial court's pronouncement, the record is controlling. See State v. Perry, 136 Wis. 2d 92, 114, 401 N.W.2d 748, 758 (1987). Therefore, we modify the judgment of conviction to reflect the correct sentence of five years of probation for

In May 1995, Schordie was released on parole from prison. In October 1995, both his parole and probation were revoked after he attempted to run over his former girlfriend with his car and then called her the next day at her place of work in an attempt to lure her away. Schordie was subsequently convicted of recklessly endangering safety while armed with a motor vehicle, violation of a domestic abuse injunction while armed with a dangerous weapon, harassment and disorderly conduct.

On March 27, 1996, the trial court sentenced Schordie for his 1994 conviction of felony bail jumping. At the sentencing hearing, the State entered evidence that Schordie had been convicted of the crimes leading to his revocation and that he was to be sentenced for those crimes later the same day. The trial court then discussed Schordie's violation of the terms of his probation, stating:

> [Y]ou [Schordie] embarrassed the legal system. That's what you did. You were given a break and you embarrassed everyone who touched your case, the district attorney, me, the probation department, everyone by your contumacious behavior, by your violent behavior, by your threatening behavior. You're entitled to no sympathy whatsoever.

The trial court then sentenced Schordie to the maximum term of five years in prison.

We begin by noting that there is a strong policy against interfering with a trial court's sentencing discretion, and we will not disturb a sentence imposed by the trial court unless the court erroneously exercised

the conviction of resisting an officer and order that the record be remanded with directions consistent with our modification.

its discretion. *See State v. Thompson*, 172 Wis. 2d 257, 263, 493 N.W.2d 729, 732 (Ct. App. 1992). Moreover, the trial court is presumed to have acted reasonably, and it is Schordie's burden to " 'show some unreasonable or unjustifiable basis in the record for the sentence complained of.' " *Id.* (quoted source omitted).

The crux of Schordie's argument is that the acts leading to revocation are irrelevant to determining his sentence for the earlier conviction of felony bail jumping. In other words, this was "new information" that would not have been available to the trial court had it not withheld sentencing and placed him on probation. Therefore, it was improper for the trial court to consider the acts that led to revocation because it resulted in a harsher sentence than he would have received had the court not withheld sentencing.

■

When imposing a sentence, a trial court must consider the gravity of the offense, the offender's character and the public's need for protection. *See State v. Carter*, 208 Wis. 2d 142, 156, 560 N.W.2d 256, 262 (1997). In *Carter*, the court held that a trial court should have available to it all information relevant to determining the appropriate sentence. *See id.* at 146, 560 N.W.2d at 257. There, a defendant whose original sentence had been vacated wanted to introduce new character evidence at resentencing. *See id.* at 147, 560 N.W.2d at 258. The State argued that although the initial sentence had been vacated, the court at resentencing could not consider either favorable or unfavorable information about events or circumstances occurring after the initial sentence. *See id.* at 154, 560 N.W.2d at 261.

The court rejected the State's argument. The court held that the role of a sentencing court is the same whether the proceeding is an initial sentencing or a

233

resentencing, and therefore the court must have accurate, complete and current information. *See id.* at 157, 560 N.W.2d at 262. Case law demanded that the sentencing court have a broad range of information available to it at sentencing; it was the court's responsibility to acquire full knowledge of the character and behavior pattern of the defendant before imposing sentence. *See id.* at 156–57 & n.8, 560 N.W.2d at 262. Therefore, information concerning events that occurred after the initial sentence was relevant and the court could properly consider it at resentencing. *See id.* at 157–58, 560 N.W.2d at 262–63.

Although *Carter* was decided against the backdrop of new information introduced at resentencing, we conclude that its rationale is equally applicable to the present case. If the court in *Carter* could consider new information at resentencing that arose only after the initial sentence was vacated, then it follows that a trial court may consider any "new information" at sentencing arising between the time a defendant is placed on probation and his or her revocation. In fact, a court would be remiss in its duty to acquire full knowledge of the character and behavior patterns of a defendant if it did not consider new, relevant information before imposing sentence. Therefore, we conclude that it is proper for a trial court when it exercises its sentencing discretion to consider all relevant information arising after a defendant is placed on probation, including acts which led to revocation.

In the present case, the record is clear that the trial court considered the criminal convictions leading to revocation when it sentenced Schordie for bail jumping. A related factor a trial court may consider when

exercising its sentencing discretion is an offender's criminal record. *See Thompson,* 172 Wis. 2d at 264, 493 N.W.2d at 732. Therefore, because the criminal convictions that led to Schordie's revocation were relevant to evaluating Schordie's character, there was no misuse of discretion.

*By the Court.*—Judgment modified and, as modified, affirmed.