STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert John PRIHODA, Defendant-Appellant-Petitioner.

Supreme Court

*No. 98–2263–CR. Oral argument October 5, 2000.—Decided November 14, 2000.*

2000 WI 123

(Also reported in 618 N.W.2d 857.)

245

For the defendant-appellant-petitioner there were briefs by *Timothy T. Kay, Ronald J. Sonderhouse* and *Kay & Kay Law Firm*, Brookfield, and oral argument by *Timothy T. Kay*.

For the plaintiff-respondent the cause was argued by *William C. Wolford*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of an unpublished decision of the court of appeals, affirming an order of the Circuit Court for Milwaukee County, Elsa C. Lamelas, Circuit Court Judge. The circuit court's order denied the motion of the defendant, Robert John Prihoda, seeking to vacate the 1997 change that the office of the Milwaukee County clerk of circuit court made in the sentence portion of his 1976 written judgment of conviction. The office of the Milwaukee County clerk of circuit court had modified the sentence portion of the defendant's 1976 written judgment of conviction to conform the

written judgment to the oral pronouncement of sentence by the circuit court evidenced in the transcript of the 1976 sentence proceeding.

¶ 2. Both the circuit court and the court of appeals concluded that the clerk's office had the authority to correct the clerical error in the sentence portion of the written judgment of conviction without first obtaining the approval of the circuit court.

¶ 3. Three questions of law are presented to this court:[1] (1) whether the office of the clerk of circuit court may correct a clerical error in the sentence portion of a written judgment of conviction without prior court approval; (2) whether an offender should be given notice that a clerical correction of the sentence portion of the written judgment of conviction is being considered and should be present at a hearing to consider whether the written judgment is to be modified; and (3) whether the doctrine of laches or Wis. Stat. § 893.40 (1997–98)[2] proscribes a correction of a clerical error in the written judgment of conviction more than twenty years after the judgment is entered.

¶ 4. We affirm the decision of the court of appeals, although our reasoning differs from that of the court of appeals and the circuit court.

¶ 5. As to the first question of law, unlike the circuit court and court of appeals, we conclude that the office of the clerk of circuit court does not have the authority to correct a clerical error in the sentence portion of a written judgment of conviction. We conclude that the circuit court, not the office of the clerk of cir-

[1] This court determines these questions of law independently from the circuit court and court of appeals, benefiting from their analyses.

[2] All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

cuit court, must determine the merits of a request for a change in the sentence portion of a written judgment of conviction because of an alleged clerical error. We further conclude that the circuit court may either correct the clerical error in the sentence portion of a written judgment of conviction or may direct the clerk's office to make such a correction.

¶ 6. As to the second question of law, we conclude that the circuit court has discretion to determine whether an offender is entitled to notice and a hearing before the correction of a clerical error in the sentence portion of a written judgment of conviction is made.

¶ 7. As to the third question of law, we conclude that neither the doctrine of laches nor Wis. Stat. § 893.40 bars a correction of a clerical error in the sentence portion of a written judgment of conviction in the present case.

¶ 8. In response to the defendant's postconviction motion, the circuit court determined that the sentence portion of the written judgment of conviction in this case contained a clerical error that should be corrected to reflect the oral pronouncement of the sentence. The defendant has had ample opportunity to raise his arguments against the correction in the court of appeals and in this court, and we have concluded that his arguments are without merit. Therefore, we conclude that it is unnecessary to remand the cause to the circuit court to determine the question of law whether the sentence portion of the written judgment of conviction should be corrected. No remand is needed.[3]

---

[3] The defendant does not seek a remand. The defendant asks that the amended written judgment of conviction be vacated and the original written judgment of conviction be allowed to stand as a matter of law.

¶ 9.  The relevant facts are not in dispute. On February 11, 1976, the defendant was sentenced on one count of first-degree murder as party to a crime and four counts of armed robbery while concealing identity as party to a crime. During the 1976 sentence proceeding at which the defendant was present, the circuit court stated on the record that the defendant's sentence in count one was a life sentence and the sentence in count five was thirty years, to run consecutive to the sentence in *count two*. The sentence in count two was thirty years, to run consecutive to the life sentence imposed in count one.

¶ 10.  On the same date as the sentence proceeding, a written judgment of conviction was signed by the chief deputy clerk in the office of the Milwaukee County clerk of circuit court. The written judgment of conviction adjudges the defendant guilty of one count of first-degree murder as a party to a crime and four counts of armed robbery while concealing identity as party to a crime. It further states that the defendant is committed to the Wisconsin State Prisons for an indeterminate term of life imprisonment for count one (first-degree murder) and for four additional terms for the counts of armed robbery while concealing identity. At issue is the sentence for count five, the fourth charge of armed robbery, which provides "an indeterminate term of not more than 30 years, consecutive to count one, plus 5 years for concealing identity, to run consecutive to the first portion of this count (30) years and consecutive to count 2."[4]

---

[4] The entire sentence is set forth in the written judgment of conviction as follows:

¶ 11. Simply stated, the discrepancy between the oral pronouncement of the sentence and the written judgment of conviction in count five is whether the sentence in count five runs consecutive to the sentence in count one or consecutive to the sentence in count two. Whether the thirty-year sentence in count five is consecutive to the sentence in count one or consecutive to the sentence in count two affects the total length of the defendant's sentence. If the thirty-year sentence in count five is consecutive to the sentence in count two, as the circuit court stated on the record, then the defendant's total sentence is life plus seventy years. If, as stated in the written judgment of conviction, the thirty-year sentence in count five is consecutive to the sentence in count one, then the defendant's total sentence is life plus forty years.[5]

---

It is adjudged that the defendant is hereby committed to the Wisconsin State Prisons for. . .

COUNT ONE:  [Life Imprisonment];

COUNT TWO:  30 years as to Armed Robbery, consecutive to count 1; plus five years for concealing, consecutive to first portion of this count (30 years);

COUNT THREE:  30 years as to Armed Robbery, concurrent with count 1; plus five years for concealing, to run consecutive to first portion of this count (30 years) and concurrent with count 1;

COUNT FOUR:  30 years as to Armed Robbery, concurrent with count 1; plus five years for concealing, to run consecutive to first portion of this count (30 years) and concurrent with count 1;

COUNT FIVE:  30 years as to Armed Robbery, consecutive to count 1, plus five years for concealing, to run consecutive to first portion of this count (30 years) and consecutive to count 2. Said sentences to run concurrent with any other sentence defendant may be serving at this time.

[5] Because the sentence in count two also was consecutive to the sentence in count one, the written judgment of conviction appears to make the thirty years under count five concurrent with, rather than consecutive to, the sentence under count two.

¶ 12. The discrepancy between the oral pronouncement of sentence and the written judgment of conviction was brought to the attention of the office of the Milwaukee County clerk of circuit court on November 13, 1997, when two employees of the Wisconsin Department of Corrections sent a memorandum to the felony clerk asking for clarification of the discrepancy between the sentence portion of the written judgment of conviction and the circuit court's oral pronouncement of sentence. Apparently this request for clarification resulted from the defendant's request to receive a reduced classification in the prison system from medium security to minimum security.

¶ 13. On November 20, 1997, the office of the Milwaukee County clerk of circuit court corrected the sentence portion of the written judgment of conviction to correspond to the unambiguous statement in the sentencing transcript that the sentence in count five ran consecutive to the sentence in count two. The clerk's office, acting independently of the circuit court and without giving the defendant notice, issued a corrected written judgment of conviction. The Department of Corrections notified the defendant of the corrected written judgment of conviction on January 6, 1998.

¶ 14. The defendant filed a postconviction motion with the Milwaukee County circuit court on July 10, 1998, seeking to vacate the "corrected" judgment of conviction. On July 15, 1998, the circuit court denied the defendant's motion for post-conviction relief. On January 4, 2000, the court of appeals affirmed the circuit court's order, agreeing that the clerk's office may correct a clerical error independently of the circuit court and without notice to the defendant or a hearing.

## II

¶ 15.   We must first resolve whether a clerk of circuit court may act independently of the circuit court in correcting a clerical error in an offender's written judgment of conviction. The parties appear to agree that the error in the present case is clerical. A difference between the sentence portion of the written judgment of conviction and the circuit court's unambiguous oral pronouncement of the sentence is a clerical error.[6] Furthermore, the law is clear in Wisconsin that the record of the circuit court's unambiguous oral pronouncement of sentence trumps the written judgment

---

[6] The "clerical error" in this case involves a "failure to accurately record a statement or action by the court. . . ." 6 James Wm. Moore et al., *Moore's Federal Practice* § 636.02 (3d ed. 2000).

It may not be easy to determine whether an error should be classified as clerical. In *Bostwick v. Van Vleck*, 106 Wis. 387, 390, 82 N.W. 302 (1900), the court stated:

> The test to be applied in determining whether an error in a judgment is of a judicial character, or a mere clerical mistake which may be corrected in the court where it was made at any time, saving intervening rights of third parties and with due regard to equitable considerations, is whether the error relates to something that the trial court erroneously omitted to pass upon or considered and passed upon erroneously, or a mere omission to preserve of record, correctly in all respects, the actual decision of the court, which in itself was free from error.

*See also Utah v. Lorrah*, 761 P.2d 1388, 1389 (Utah 1988) ("A clerical error, as contradistinguished from judicial error, is not 'the deliberate result of the exercise of judicial reasoning and determination.' " (quoting *State v. Mossman*, 706 P.2d 203, 204 (Or. Ct. App. 1985))).

of conviction.[7] The circuit court and court of appeals concluded that a clerk of circuit court may correct a clerical error in a written judgment of conviction independent of the circuit court. We disagree with these courts.

¶ 16.   The State's position is that "issues relating to the correction of clerical errors in judgments of conviction should first be considered by the court rather than by the clerk."[8] We agree with the State for several reasons.

¶ 17.   First, the law is clear that a court has the power to correct clerical errors at any time.[9] If the

---

[7] *State v. Schordie*, 214 Wis. 2d 229, 231 n.1, 570 N.W. 2d 881 (Ct. App. 1997) (citing *State v. Perry*, 136 Wis. 2d 92, 114, 401 N.W.2d 748 (1987)). In *Schordie*, the court of appeals noted that "when there is a conflict between the judgment of conviction and an unambiguous record of the trial court's pronouncement, the record is controlling"; the court of appeals "modif[ied] the judgment of conviction to reflect the correct sentence."

[8] State's Brief at 24.

[9] *See Hayes v. State*, 46 Wis. 2d 93, 101–02, 175 N.W.2d 625 (1970), *rev'd on other grounds, State v. Taylor*, 60 Wis. 2d 506, 210 N.W.2d 873 (1973) (stating that "[t]here seems to be no question that a court has the power to correct formal or clerical errors. . .at any time" but holding that the reduction of defendant's criminal sentence was a modification rather than correction of a clerical error); *Packard v. Kinzie Ave. Heights Co.*, 105 Wis. 323, 325–26, 81 N.W. 488 (1900) (allowing the court to correct a clerical error in a foreclosure judgment, and stating "[t]hat such mistakes can be corrected by the court in which they occurred, regardless of the time limit upon the power of the court to correct judicial errors, is too well settled to require any extended argument or citation of authorities"); *Hoffman v. State*, 88 Wis. 166, 173–77, 59 N.W. 588 (1894)

circuit court concludes that a correction is warranted, the circuit court may direct the clerk to make the correction.

¶ 18.  Second, no statute authorizes a clerk of circuit court, acting independently of the circuit court, to correct a clerical error in the sentence portion of a written judgment of conviction to reflect an unambiguous oral pronouncement of sentence made by a circuit court at a sentence proceeding. In particular, Wis. Stat. §§ 806.06, 972.13(4), and 971.26 do not authorize a clerk, independent of the circuit court, to correct a clerical error in the sentence portion of a written judgment of conviction.

¶ 19.  Pursuant to Wis. Stat. § 806.06(2), governing civil proceedings, a clerk has the authority to sign a judgment, but only upon the written order of a judge.[10] Although neither party argues that this civil provision applies to criminal judgments, rules of evi-

---

(allowing court to amend record of criminal case that mistakenly failed to show defendant's presence during trial, and stating that "the court has power, after the term, to correct a mistake in the entry of its judgment, so as to make the record conform to the judgment actually pronounced").

*Hayes* is still good law for the proposition that a court can correct a clerical error at any time. *See Krueger v. State*, 86 Wis. 2d 435, 440, 272 N.W.2d 847 (1979) (quoting *Hayes* with approval).

For federal courts, Rule 36 of the Federal Rules of Criminal Procedure similarly authorizes the courts to correct clerical errors in written judgments at any time. Federal courts have this power apart from Rule 36. *Kennedy v. Reid*, 249 F.2d 492 (D.C. Cir. 1957).

[10] Wisconsin Stat. § 806.06(2) provides: "RENDITION, PERFECTION AND ENTRY OF JUDGMENT. The judge or the clerk upon the written order of the judge may sign the judg-

dence and practice in civil actions are applicable to criminal proceedings unless the context of the section or rule manifestly requires a different construction.[11] Even if Wis. Stat. § 806.06(2) were applicable in the present case, the statute authorizes clerks to sign judgments only upon the written order of a judge. Thus, Wis. Stat. § 806.06 does not authorize the clerk in the present case, independently of the circuit court, to correct a clerical error in the sentence portion of a written judgment of conviction.

¶ 20.   Section 972.13(4) of the Wisconsin Statutes governs the authority to sign judgments in criminal proceedings and appears to control the present case, rather than Wis. Stat. § 806.06(2). Section 972.13(4) states that "[j]udgments [of conviction] shall be in writing and signed by the judge or clerk." Although the statute allows a clerk to sign a judgment, § 972.13(4) is silent about how corrections to a written judgment of conviction are to be made. Thus, Wis. Stat. § 972.13(4) does not authorize clerks to correct written judgments of conviction or sign corrected judgments independent of the circuit court.

¶ 21.   Section 971.26, applicable to criminal proceedings, provides that a judgment shall not be affected by reason of any defects or imperfections in matters of

---

ment. The judgment shall be entered by the clerk upon rendition."

Section 806.06(1)(a) provides: "A judgment is rendered by the court when it is signed by the judge or by the clerk at the judge's written direction."

[11] Wisconsin Stat. § 972.11(1) provides: "the rules of evidence and practice in civil actions shall be applicable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction."

form that do not prejudice the defendant.[12] In the present case, the parties disagree about whether the defect prejudiced the defendant.[13] However, regardless of whether the defect prejudiced the defendant and whether Wis. Stat. § 971.26 protects the validity of the 1976 written judgment of conviction, the statute does not authorize a clerk's office, independent of the circuit court, to change a written judgment of conviction to reflect the circuit court's unambiguous oral pronouncement of sentence. In sum, we can find no statute that authorizes an office of a clerk of circuit court to correct a clerical error in the sentence portion of a written judgment of conviction, and the parties cite none.

¶ 22.   Third, the case law indicates that a clerk of circuit court may not change a written judgment of conviction when the change can be characterized as a "judicial decision." The issue then becomes what is a judicial decision. In *Mikrut v. State*, 212 Wis. 2d 859, 868, 569 N.W.2d 765 (Ct. App. 1997), the court of appeals concluded that the clerk of circuit court made a

---

[12] Wisconsin Stat. § 971.26 provides: "FORMAL DEFECTS. No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant."

[13] The defendant claims that he has been prejudiced because his total sentence may impact his efforts to receive a reclassification in the prison system from medium security to minimum security.

The State argues that postconviction motions and briefs filed on behalf of the defendant, along with a pro se motion filed by the defendant, show that he knew that his sentence was life plus seventy years. Because defendant was aware of the true length of his sentence, the State concludes that the defendant has not been prejudiced by the correction to the written judgment of conviction.

judicial decision in changing the date of the offender's prior conviction from the date of the judgment of conviction to the date the offender pled guilty. The court of appeals held that because the change was a judicial decision and the change was not directed by any judge, it was void. The court of appeals did not set forth the criteria for what constitutes a judicial decision, that is, a decision for a court rather than for a clerk.

¶ 23.   Examining the statutes and case law, we conclude that a judicial decision includes the correction of a clerical error in the sentence portion of a written judgment of conviction. Requests for correction of clerical errors in the sentence portion of a written judgment of conviction may involve questions of interpretation of the oral pronouncement of sentence or of the written judgment. Such requests may also involve disputes about whether the error is clerical or substantive.

¶ 24.   Even this case arguably raises an issue of interpretation. Neither party disputes that the oral pronouncement of sentence unambiguously provides for a sentence of life plus seventy years. The defendant concedes that *State v. Perry,* 136 Wis. 2d 92, 115, 401 N.W.2d 748 (1987), holds that an unambiguous oral pronouncement controls when a conflict exists between a court's oral pronouncement of sentence and a written judgment.[14] However, the parties disagree about whether the written judgment of conviction is ambiguous. The State contends that the original 1976 written judgment of conviction, although not as clear as the oral pronouncement of judgment or the corrected judgment, does in fact impose a total sentence of life plus seventy years. A correction was not even necessary, according to the State.

---

[14] Defendant's Brief at 8.

¶ 25. The defendant argues that the written judgment unambiguously provides a sentence of life plus forty years, and the clerk changed the sentence. The parties' disagreement about how to characterize the written judgment of conviction in this case highlights the importance of having a court, rather than a clerk of circuit court, consider any change in the sentence portion of a written judgment of conviction.

¶ 26. Accordingly, we adopt a bright-line rule to avoid disputes about a clerk's powers: The office of a clerk of circuit court may not correct a clerical error in the sentence portion of a written judgment of conviction independent of the circuit court.

¶ 27. For the reasons set forth, we conclude that the office of the clerk of circuit court does not have authority to correct a clerical error in the sentence portion of a written judgment of conviction independent of the circuit court. We conclude that the circuit court, not the office of the clerk of circuit court, must determine the merits of a request for a correction in the sentence portion of a written judgment of conviction because of an alleged clerical error. We further conclude that the circuit court may either correct the clerical error in the sentence portion of a written judgment of conviction or direct the clerk's office to make such a correction.

### III

¶ 28. The defendant argues that he should have been given notice that a correction of the sentence portion of the written judgment of conviction was being considered and should have been present at a hearing to consider whether the written judgment should be modified.

¶ 29. The defendant relies on Wis. Stat. § 971.04(1)(g), which provides that a defendant is to be present at "pronouncement of judgment and the imposition of sentence." In Wisconsin, an unambiguous oral pronouncement of sentence controls over a written judgment of conviction. Because the defendant was present at the 1976 sentence proceeding in which the circuit court unambiguously pronounced the sentence of life plus seventy years, the defendant was present when his sentence was pronounced and imposed. A correction of the sentence portion of a written judgment of conviction to reflect the circuit court's unambiguous oral pronouncement of sentence at which the defendant was present is not a pronouncement of judgment or the imposition of sentence under § 971.04(1)(g). The statute does not mandate a defendant's presence when a clerical error is corrected.[15]

¶ 30. The defendant also relies on *Siegel v. State*, 201 Wis. 12, 229 N.W. 44 (1930). In *Siegel*, this court held that proceedings during which the circuit court restated the initial sentence in slightly different form but in substance providing the same sentence, were void and of no effect because the offender had a constitutional right to be present in court. *Siegel* can be distinguished from the present case. The *Siegel* court apparently did not consider the changes the trial court made to be corrections of a clerical error. To the extent that *Siegel* can be interpreted to mean that an offender

---

[15] Using the same rationale, we conclude that the defendant was not deprived of constitutional rights by his failure to get notice or a hearing. *See Cook v. United States*, 426 F.2d 1358, 1360 (5th Cir. 1970), *cert. denied*, 398 U.S. 932 (1970); *Flowers v. Oklahoma*, 356 F.2d 916, 917 (10th Cir. 1966); *Sampson v. North Dakota*, 506 N.W.2d 722, 727 (N.D. 1993).

has a federal or state constitutional right to be present when a circuit court corrects a clerical error in a written judgment of conviction, that interpretation is erroneous.

¶ 31. Because a clerical error by definition is minor and mechanical in nature, we conclude that it is within the discretion of the circuit court to determine whether to give an offender notice and a hearing at which the offender is present before a clerical error in a written judgment of conviction is corrected. The circuit court should exercise its discretion, considering the need for adversary proceedings to clarify the issue. The circuit court may consider such factors as the nature of the request, the state of the record, the ease by which the determination can be made that a clerical error occurred and should be corrected, issues of equity, and the risk and cost of transporting the offender for the purpose of attending the hearing. In any event, either the circuit court or the office of the clerk of court, pursuant to directive from the circuit court, shall give the offender notice of any correction of a clerical error in the sentence portion of a written judgment of conviction after the correction is made.

¶ 32. Our conclusion that the circuit court has discretion whether to give notice to the offender and to hold a hearing at which the offender may be present before correcting the written judgment of conviction is consistent with the approach taken in Rule 36 of the Federal Rules of Criminal Procedure. Adopting prior law,[16] Rule 36 provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after

[16] Advisory Committee Notes to Rule 36 of the Federal Rules of Criminal Procedure.

such notice, if any, as the court orders."[17] Numerous states have adopted the federal rule or a similar rule by court rule or statute.[18]

¶ 33. In deciding the merits of the correction in this case, the circuit court need not have given notice to the defendant and need not have held a hearing at which he could have appeared. The oral pronouncement of the sentence was unambiguous; the written judgment of conviction was arguably ambiguous; the law is clear that the oral pronouncement trumps the sentence portion of the written judgment; the correction could readily be made. In this case, notice and a hearing did not appear to be necessary because adversary proceedings did not appear necessary to clarify the correction.

---

[17] Several commentators suggest that the better practice is for the offender to be present when the court corrects clerical errors in judgments. *See, e.g.*, 6 James Wm. Moore et al., *Moore's Federal Practice* § 636.04[3][a] (3d ed. 2000); 3 Charles Alan Wright, *Federal Practice and Procedure* § 534 (2d ed. 1982); 5 Mark S. Rhoades, *Orfield's Criminal Procedure Under the Federal Rules* § 36:10 (2d ed. 1987). *See also Kennedy v. Reid*, 249 F.2d 492, 497 (D.C. Cir. 1957) (better practice to order notice to the offender but reversal is not required when no substantial rights of the defendant have been affected).

[18] Numerous states have adopted rules or laws identical to Federal Rule of Criminal Procedure 36. *See, e.g.*, 17 Ariz. Rev. Stat. R. Crim. P. 24.4 (West 1998); Iowa Code Ann. § 813.2, R. 22(3)(g) (West 1994); Nev. Rev. Stat. Ann. § 176.565 (Michie 1997).

Several other states have adopted rules or laws similar to Federal Rule of Criminal Procedure 36. *See, e.g.*, Ky. R. Ann. R. Crim. P. 10.10 (Michie 2000); Mass. Ann. Laws R. Crim. P. 42 (Lexis 1997); R.I. Ct. R. Ann. Super. R. Crim. P. 36 (Lexis 2000).

¶ 34. The defendant, however, presents legal arguments in this court about laches and the application of Wis. Stat. § 893.40, the statute of limitations for actions on a judgment. These arguments do raise issues that have benefited from the adversary proceedings in this court.

## IV

¶ 35. The defendant argues that the circuit court erred in denying his postconviction motion to vacate the corrected written judgment and to reinstate the original written judgment. The defendant argues that it was erroneous for either the clerk of the circuit court or the circuit court to correct the clerical error in the sentence portion of his written judgment of conviction because more than twenty years have elapsed since the written judgment. Specifically, the defendant argues that either the doctrine of laches or Wis. Stat. § 893.40 bars a clerical correction to a judgment of conviction when the written judgment was entered more than twenty years ago.[19]

¶ 36. We are not persuaded that either the doctrine of laches or Wis. Stat. § 893.40 bars the correction to the defendant's written judgment of conviction.

¶ 37. The defendant's laches argument fails because he has not satisfied all three elements of the doctrine: (1) unreasonable delay; (2) lack of knowledge on the part of the party asserting the defense that the other party would assert the right on which he bases his suit; and (3) prejudice to the party asserting the

---

[19] The court of appeals did not consider these arguments, which were raised for the first time in the defendant's reply brief.

defense in the event the action is maintained.[20] The defendant has not established the third element, prejudice.

¶ 38. The defendant's brief asserts that the defendant was prejudiced because he did not believe that he would be given an additional thirty years in prison. The record reflects that the defendant knew that the thirty-year sentence in count five was consecutive to the sentence in count two and that his sentence amounted to a life sentence plus seventy years.

¶ 39. For example, on February 3, 1977, the defendant, through counsel, filed a motion for sentence modification and other postconviction relief and a brief in support thereof. The joint brief filed by counsel for the defendant and his co-defendants in support of the motion stated that "the Court sentenced each defendant to a term of not more than thirty (30) years, consecutive to the sentence imposed on count two."

¶ 40. On December 5, 1980, the defendant filed a pro se postconviction motion in which the defendant himself asserted that he was sentenced on February 11, 1976, "to a total term of Life and Seventy Years Consecutive."

¶ 41. Further, on March 26, 1985, the defendant, through counsel, filed a § 974.06 motion in the circuit court and the brief in support thereof described his sentence for the armed robbery and concealing identity charges in count five as thirty years and five years respectively, consecutive to each other and consecutive to counts one and two. His brief to the court of appeals in the 1985 case similarly described his sentence.[21]

---

[20] *See Smart v. Dane County Bd. of Adjusters*, 177 Wis. 2d 445, 458, 501 N.W.2d 782, 787 (1993).

[21] *State v. Prihoda*, No. 85–2140 (Ct. App. Oct. 22, 1986), unpublished order.

¶ 42. The defendant's brief asserts that he always believed that the written judgment of conviction was in effect and that he did not learn otherwise until he was notified by the Department of Corrections in 1998. He asserts that "the prior Motions were basically 'boiler plate' Motions and that he did not know that the Motion stated life plus seventy (70) years."[22] Even if under certain circumstances we might give some credence to an offender's assertion that he was a victim of "boiler plate" motions, we do not in the present case. Numerous documents filed on the defendant's behalf support that the thirty-year sentence in count five was consecutive to the sentence in count two and that the sentence was life plus seventy years. Furthermore, the defendant himself filed a document describing his sentence as life plus seventy years. Under these circumstances, the defendant's claim that he expected the lower sentence cannot be given credence.

¶ 43. The defendant further argues that he is prejudiced if the corrected judgment is allowed to stand because this "change in the sentence" could affect the Department of Corrections' decision to change his placement. The clerical correction to the written judgment of conviction is not a "change in the sentence"; it merely correctly reflects the actual sentence imposed on the defendant by the circuit court. The defendant's opportunity to change placement is not affected by the correction in the judgment; it is affected by the oral pronouncement.

¶ 44. Accordingly, we conclude that even though more than twenty years have elapsed between the writ-

[22] Defendant's Brief at 7.

ten judgment of conviction and the corrected judgment, there is no prejudice to the defendant under the circumstances of this case in correcting the clerical error in the written judgment of conviction.

¶ 45. The defendant's argument based on Wis. Stat. § 893.40 is also not persuasive. Section 893.40 limits actions on judgments. It provides that an action upon a judgment or decree of a court of record of any state shall be commenced within twenty years after the judgment or decree is entered or be barred.[23] This statute of limitations makes no distinction between judgments in civil and criminal actions. The State and the defendant disagree whether § 893.40 applies to a judgment in a criminal action and, if § 893.40 is applicable to criminal judgments, whether a motion to correct a clerical error in a written judgment of conviction to reflect an unambiguous oral pronouncement of sentence in a criminal case is an "action upon a judgment" within Wis. Stat. § 893.40.

¶ 46. The defendant argues that Wis. Stat. § 972.11(1) makes § 893.40 applicable to criminal cases. Section 972.11, which we discussed previously, provides that rules of evidence and practice in civil actions shall be applicable in all criminal proceedings unless the context of the section or rule manifestly requires a different construction. Statutes of limitations are substantive rules of law rather than rules of evidence or practice. *Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 149, 493 N.W.2d 40 (1992).

---

[23] Wisconsin Stat. § 893.40 provides: "ACTION ON JUDGMENT OR DECREE; COURT OF RECORD. Except as provided in s. 846.04(2) and (3), action upon a judgment or decree of a court of record of any state or of the United States shall be commenced within twenty years after the judgment or decree is entered or be barred."

Accordingly, the statute of limitations embodied in § 893.40 is not a rule of evidence or practice and therefore is not applicable to criminal judgments through § 972.11.

¶ 47.   Even if we were to assume that Wis. Stat. § 893.40 applies to written judgments of conviction, neither party has cited any cases helpful in deciding whether a correction of a clerical error in the sentence portion of a written judgment of conviction is an "action on a judgment" under Wis. Stat. § 893.40. This court has been unable to find any cases supporting the position that correction of such a clerical error is an "action upon a judgment." Indeed the cases we have found state that a court may make a clerical correction to a written judgment of conviction "at any time."[24] Because correction of a clerical error is designed to conform the record to the court's intention and not to relitigate the merits, the policy of finality embodied in the statute of limitations does not come into play.[25]

¶ 48.   Nothing in chapter 893 or any other provision of the statutes indicates that the legislature intended Wis. Stat. § 893.40 to govern the correction of clerical errors in a written judgment of conviction. Accordingly, we conclude that the legislature did not intend the twenty-year statute of limitations to apply to either the state's or an offender's request to correct a clerical error in the sentence portion of a written judgment of conviction to reflect accurately the unambiguous oral pronouncement of sentence.

[24] *Hayes v. State*, 46 Wis. 2d 93, 101–02, 175 N.W.2d 625 (1970), *rev'd on other grounds, State v. Taylor*, 60 Wis. 2d 506, 210 N.W.2d 873 (1973).

[25] 6 James Wm. Moore et al., *Moore's Federal Practice* § 636.04[1] (3d ed. 2000).

## V

¶ 49.   In sum, we conclude that the office of the clerk of circuit court does not have the authority to correct a clerical error in the sentence portion of a written judgment of conviction. We further conclude that a circuit court, not the office of the clerk of circuit court, must determine the merits of a request for a correction in the sentence portion of a written judgment of conviction because of an alleged clerical error. The circuit court may correct the clerical error in the sentence portion of a written judgment of conviction, or the circuit court may direct the clerk's office to make such a correction.

¶ 50.   We further hold that the circuit court has discretion to determine whether an offender should receive notice and a hearing before any correction is made to an alleged clerical error in the sentence portion of a written judgment of conviction. Notice and a hearing ensure that the defendant has an opportunity to be heard "at a meaningful time and in a meaningful manner."[26]

¶ 51.   In the present case, the circuit court, the court of appeals, and this court have considered the defendant's challenges to the correction of a clerical error in his written judgment of conviction and have concluded that his arguments are without merit. The defendant has had his day in court, and his challenges to the correction have been fully considered.[27] It is not

---

[26] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

[27] *State v. Amos*, 153 Wis. 2d 257, 281, 450 N.W.2d 503 (1989) (defendant who should have received notice and hearing before circuit court corrected sentence based on erroneous presentence credit nonetheless had ample opportunity for review through postconviction motion).

necessary to remand the defendant's case to the circuit court to determine the questions of law involved in correcting the sentence portion of the written judgment of conviction in the present case.

¶ 52. Finally, we conclude that neither the doctrine of laches nor Wis. Stat. § 893.40 bars a correction of a clerical error in the written judgment of conviction in the present case.

¶ 53. For the reasons stated, we affirm the decision of the court of appeals denying the defendant's motion for postconviction relief although our rationale differs from that of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.