State of Wisconsin, Plaintiff-Respondent,
v.
Gary L. Radloff, Defendant-Appellant.
No. 04-0876-CR.
Court of Appeals of Wisconsin.
Opinion Filed: February 9, 2005.
Before Anderson, P.J., Nettesheim and Snyder, JJ.
¶1 PER CURIAM.
Gary L. Radloff appeals from a judgment of conviction for first-degree sexual assault of a child, thirteen counts of seconddegree sexual assault of a child, five counts of causing a child to view or listen to sexual activity, and one count of attempted second-degree sexual assault of a child.[1] He also appeals from an order denying his postconviction motion alleging ineffective assistance of counsel. He argues that he was denied the effective assistance of trial counsel by counsel's inadequate or limited argument in opposition to the State's pretrial motion to admit "other acts" evidence. We conclude that the trial court's admission of other acts evidence was a proper exercise of discretion even in light of the arguments Radloff claims trial counsel should have made. Thus, Radloff was not prejudiced by counsel's failure to make the arguments and he was not denied the effective assistance of counsel. We affirm the judgment, as modified, and the order denying Radloff's postconviction motion.
¶2 The convictions arise out of sexual conduct Radloff engaged in with three boys under the age of sixteen between 1999 and 2002. Radloff invited the boys to his home and encouraged them to "hang out." He allowed them to drink alcohol, smoke cigarettes, and provided pornographic magazines and videos, cigarettes, chewing tobacco and other gifts. The boys we re encouraged to feel comfortable in his home and walk around naked. At times Radloff and the boys would masturbate in front of each other or assist each other with masturbation. One victim reported that Radloff used a feather to tickle the victim's scrotum during masturbation and asked the victim to use the feather on Radloff. Another victim indicated that Radloff encouraged them to tickle each other on the back. Radloff also engaged in oral and anal sex with one of the boys.
¶3 Before trial the State moved to admit other acts evidence. It sought to admit the testimony of three men, Christopher P., Tom M., and Nicholas S., that Radloff had sexually assaulted them in the mid-1980s when they were twelve and thirteen years old.[2] The evidence was that while Radloff served as a boy scout master in Illinois he sexually assaulted the boys who were troop members. Radloff touched each boy's penis with his mouth or hand while on scout camping trips. Christopher would testify that he was asked to Radloff's home where there were "dirty magazines" lying around and Radloff asked him to wear a "speedo" swimsuit. The testimony would include that Radloff had fondled the boys at his home. Nicholas would describe that Radloff "tickled" his penis.
¶4 Radloff's trial counsel argued in opposition to the motion that intent was not really an issue at trial because none of the contact was accidental in nature. Extrapolating from that point, counsel claimed that the proposed evidence lacked probative value and was highly prejudicial as mere propensity evidence. Counsel also criticized the State's motion as putting forth a generalized description of the evidence which lacked necessary details to enable the court to ferret out the admissible portion, if any.
¶5 The trial court allowed the evidence to be presented and found it relevant on the issue of intent for sexual arousal and purpose or plan to engage in sexual conduct. It found Radloff's "grooming process" similar with respect to the victims in this case and the boys in his scout troop. It found the evidence extremely probative on that point. It concluded that the potential prejudice was mitigated by the similar circumstances and was outweighed by the probative val ue of the other acts evidence.
¶6 At trial only Tom and Christopher testified. Tom's testimony was that Radloff had fondled his penis and, on at least one occasion, put Tom's penis in his mouth. That conduct occurred while the two were on camping trips at an Illinois farm. Tom also indicated that he was fondled in the basement of Radloff's home where Radloff showed him Playboy magazines. Radloff bought him gifts as well as candy and cigarettes. Christopher's testimony described touching incidents that occurred while on scout trips to a resort in Wisconsin and an incident where Radloff put his mouth on Christopher's penis in Tom's presence. He also described that Radloff would prearrange the sleeping arrangements on trips and he would sleep in the same bed as Radloff. On one trip, after swimming, Radloff asked the boys to take their clothes off. In addition to looking at Playboy magazines and smoking cigarettes at Radloff's home, Christopher was asked to wear a "speedo" swimsuit around the house.
¶7 Radloff argues that his trial counsel was deficient because he did not object to the admission of the other acts evidence on the ground that it was materially dissimilar to the charged offenses. In order to find that trial counsel was ineffective, there must be a showing that counsel's representation was deficient and prejudicial. State v. Thiel, 2003 WI 111, ¶18, 264 Wis. 2d 571, 665 N.W.2d 305. Whether counsel's actions constitute ineffective assistance is a mixed question of law and fact. Id., ¶21. The trial court's findings of what counsel did and the basis for the challenged conduct are factual and will be upheld unless clearly erroneous. Id. However, whether counsel's conduct amounted to ineffective assistance is a question of law which we review de novo. Id.
¶8 We turn to the threshold question of whether the admission of the other acts evidence was a proper exercise of discretion. See State v. Sullivan, 216 Wis. 2d 768, 780, 576 N.W.2d 30 (1998) ("The applicable standard for reviewing a circuit court's admission of other acts evidence is whether the court exercised appropriate discretion."). It is appropriate to first consider whether the argument Radloff contends was not and should have been made would have been successful in excluding the other acts evidence. See State v. Wheat, 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441 (counsel's failure to present legal challenge is not deficient performance if challenge would have been rejected). When reviewing a claim of ineffective assistance of counsel, the reviewing court may reverse the order of the two tests or avoid the deficient performance analysis altogether if the defendant has failed to show prejudice. See State v. Johnson, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).
¶9 The three-step analytical framework for the admission of other acts evidence is laid out in Sullivan, 216 Wis. 2d at 772: is the evidence offered for an acceptable purpose under WIS. STAT . § 904.04(2) (2003-04),[3] such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; is the evidence relevant; and does the probative value of the evidence outweigh the danger of unfair prejudice. Our review of this issue is governed by the erroneous of discretion standard, and the trial court's decision to admit the other acts evidence will be upheld if it is in accordance with legal standards and facts of record, if the court undertook a reasonable inquiry and examination of the underlying facts, and if there exists a reasonable basis for the determination. See Sullivan, 216 Wis. 2d at 780.
¶10 Radloff contends that the other acts evidence was materially different from the charged offenses because there was no evidence that other instrumentalities were used in the 1980 sexual assaults whereas the victims here reported that a feather and "masturbator pump" were used in their assaults. The claim that the dissimilarities should have been the focal point of counsel's objection speaks to the relevancy determination. See id. at 786 (the second consideration in assessing relevance is probative value and the probative value lies in the similarity between the other act and the charged offense).
¶11 Although differences can be pointed out, it is similarities that are compared to determine admissibility. "The required degree of similarity between the other act and the charged offense and the required number of similar other acts cannot be formulated as a general rule." State v. Opalewski, 2002 WI App 145, ¶16, 256 Wis. 2d 110, 647 N.W.2d 331 (quoting Sullivan, 216 Wis. 2d at 787). Here, like in Opalewski, Radloff's pattern of grooming young victims in the prior sexual assaults is similar to what occurred with the victims in this case. The boys were of similar age, befriended by Radloff and taken on outings, given access to pornographic magazines and cigarettes, subjected to circumstances to desensitize them to physical contact and nudity, and the sexual contact initially took a light touch, such as tickling.
¶12 The trial court's finding that the evidence was highly probative was correct. The admission of the other acts evidence was a proper exercise of discretion even in light of the differences that Radloff points out on appeal.[4]
By the Court.  Judgment modified and, as modified, affirmed; order affirmed.
NOTES
[1] The judgment of conviction erroneously states that the conviction on count seven of the information is the crime of second-degree sexual assault of a child contrary to WIS. STAT. § 948.02(2) (1999-2000). In fact, count seven of the information charged attempted seconddegree sexual assault of a child contrary to WIS. STAT. §§ 939.32(1) and 948.02(2), and Radloff was sentenced on that crime. The error is a mere defect in the form of the certificate of conviction, which we may correct in accordance with the actual determination of the trial court. See State v. Prihoda, 2000 WI 123, ¶17, 239 Wis. 2d 244, 618 N.W.2d 857. The judgment is modified to reflect that the conviction on count seven is for attempted second-degree sexual assault. The trial court may either correct the clerical error in the sentence portion of the written judgment of conviction or may direct the clerk's office to make such a correction. Id., ¶5.
[2] The State also sought to admit testimony that after befriending a young boy in the mid-1960s, Radloff sexually molested the boy in Radloff's Illinois home. The trial court denied the admission of the evidence and we need not detail it further.
[3] All subsequent references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[4] Because we conclude that Radloff was not prejudiced by trial counsel's failure to argue the differences, we need not address his additional arguments that counsel's conduct was not justifiable strategy and that the postconviction judge merely deferred to the decision made by the trial judge.