PER CURIAM.
¶1 Zachary Williams appeals from a judgment convicting him of armed robbery as party to a crime and from an order denying his motion for postconviction relief. Williams contends he should be allowed to withdraw his no-contest plea because the circuit court failed to advise him: (1) he would be required to pay a DNA surcharge; (2) he had a right to a unanimous jury verdict; and (3) about the effect of read-in charges. Williams also challenges the procedure used to enter a restitution award against him.
¶2 We conclude the court properly denied Williams' plea withdrawal motion and the alleged procedural error regarding the restitution award was merely a clerical error. Accordingly, we modify the judgment of conviction to conform to the circuit court's oral pronouncement at sentencing regarding restitution. With that modification, the judgment and postconviction order are both affirmed.
BACKGROUND
¶3 The State charged Williams and two co-defendants with several counts arising out of the robbery of a convenience store by three masked men, two of whom were armed. Williams eventually agreed to enter a no-contest plea to a single charge of armed robbery, as party to a crime, in exchange for having the other charges against him dismissed and read in and the State agreeing to cap its sentence recommendation.
¶4 At the plea hearing, the circuit court conducted a brief colloquy to ascertain Williams' understanding of his constitutional rights, as well as of the nature of the charge and the potential penalties he faced. The court did not explicitly state during the colloquy that Williams had a right to a unanimous jury verdict or that Williams would be required to pay a mandatory DNA surcharge. Nor did the court explain how read-in charges could be considered. However, Williams presented the court with a signed plea questionnaire stating that Williams was giving up his right to have all twelve jurors agree he was either guilty or not guilty and that he understood the court could consider any read-in charges when imposing sentence, but that the court could not increase the maximum penalty based upon them. The court asked Williams whether he understood the information on the plea questionnaire before it accepted his plea, and Williams indicated that he did.
¶5 A presentence investigation report (PSI) recommended that Williams and his co-defendants be held jointly and severally liable for restitution in the amount of $2,643.04. At the sentencing hearing, the State advised the circuit court that one of the co-defendants had already paid the entire restitution amount from his cash bond. The court subsequently ordered that Williams would be required to pay one third of that amount, to be collected by the Department of Corrections. The court also imposed a bifurcated prison sentence, which is not at issue on this appeal.
¶6 Notwithstanding the circuit court's oral pronouncement regarding restitution, the judgment of conviction the clerk of the circuit court entered included a notation that restitution was "TBD," meaning it was to be determined. The comments section on the judgment further directed that Williams was to pay his "share" of the restitution already paid by a co-defendant, without specifying the amount. The judgment also included a DNA surcharge of $250.
¶7 Williams filed two postconviction motions seeking to withdraw his plea and to vacate the restitution award. Williams alleged that his plea was unknowingly entered because the circuit court did not inform him-and he did not otherwise understand-that there would be a mandatory DNA surcharge imposed, that he had a constitutional right to jury unanimity, and the consequences of reading in the dismissed charges. Williams also asserted that the restitution award was invalid because the court did not follow any of the statutory procedures set forth in WIS. STAT. § 973.20(13)(c) (2015-16),[1] for having the amount of restitution be determined after the sentencing hearing.
¶8 Without taking evidence, the circuit court denied both Williams' claim regarding the DNA surcharge based upon State v. Scruggs , 2017 WI 15, 373 Wis. 2d 312, 891 N.W.2d 786 and his restitution claim, noting that the record established the total amount of restitution as $2,643.04. The court granted Williams an evidentiary hearing on his remaining claims-namely, that he had not understood either the jury unanimity requirement or how read-in offenses could be considered at sentencing.
¶9 At the plea withdrawal hearing, Williams' trial counsel testified that he had reviewed the plea questionnaire with Williams and, because of the seriousness of the armed robbery charge, he had spent extra time discussing Williams' rights and what it meant to read in offenses. The plea questionnaire showed that the read-in offenses language had been underlined. Counsel believed Williams understood both that he was giving up his right to a jury trial at which unanimity would be required and that the circuit court could consider the dismissed charges at sentencing. Williams also testified, and he acknowledged that his trial counsel had reviewed the plea questionnaire with him and that he (i.e., Williams) had signed it.
¶10 In ruling on the motion, the circuit court first noted that it had paid attention to Williams' demeanor during the plea hearing, that Williams had a high school diploma or equivalent, and that Williams had informed the court at the plea hearing that he was clear headed and that he understood the information in the plea questionnaire. The court believed that Williams was truthful when he made those assertions. The court then made factual determinations that Williams had, in fact, understood that the jury would need to reach a unanimous decision and that the court could consider the dismissed charges at sentencing. The court further concluded that there was no manifest injustice warranting plea withdrawal and denied Williams' postconviction motion.
DISCUSSION
Plea Withdrawal
¶11 To withdraw a guilty or no-contest plea after sentencing, a defendant must demonstrate either that the plea colloquy was defective and the defendant did not understand information that should have been provided, or that some other manifest injustice occurred. See generally State v. Bangert , 131 Wis. 2d 246, 389 N.W.2d 12 (1986). No hearing is required when the defendant presents only conclusory allegations, or the record establishes that the defendant is not entitled to relief. Nelson v. State , 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972).
¶12 In evaluating a motion for plea withdrawal, the circuit court may assess the credibility of the proffered explanation for the request. See State v. Kivioja , 225 Wis. 2d 271, 291, 592 N.W.2d 220 (1999). We will not overturn a circuit court's credibility determinations unless the testimony upon which they are based is inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts. Global Steel Prods. Corp. v. Ecklund Carriers, Inc. , 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269. Also, we will accept the circuit court's findings of historical and evidentiary facts unless they are clearly erroneous, but we will independently determine whether those facts demonstrate that the defendant's plea was knowing, intelligent, and voluntary. State v. Brown , 2006 WI 100, ¶19, 293 Wis. 2d 594, 716 N.W.2d 906.
¶13 Here, the circuit court properly determined without a hearing that Williams was not entitled to relief on his claim that he did not understand the consequences of his plea because the court failed to advise him that he would be required to pay a DNA surcharge. This issue is controlled by Scruggs , which held that a mandatory DNA surcharge is not punitive in nature, and therefore does not constitute a direct consequence of a plea of which the defendant needs to be advised. Scruggs , 373 Wis. 2d 312, ¶50.
¶14 Williams' remaining plea withdrawal claims fail based upon the circuit court's factual determinations that Williams understood both that the jury would need to reach a unanimous decision and that the court could consider the dismissed charges at sentencing. Those determinations were based upon the court's credibility determination that Williams was truthful when he stated at the plea withdrawal hearing that he understood the information on the plea questionnaire, supported by counsel's testimony that he had explained the information to Williams. These findings are not clearly erroneous. Therefore, Williams failed to establish any manifest injustice warranting plea withdrawal.
Restitution
¶15 Finally, Williams contends that the restitution award was invalid because the circuit court did not follow any of the permissible procedures for determining the amount of restitution after the sentencing hearing. However, despite the notation that restitution was TBD on the judgment of conviction, the record shows that the amount of restitution had already been determined to be $2,643.04. That amount was set forth in the PSI, and it was not disputed by the parties at the sentencing hearing. See State v. Szarkowitz , 157 Wis. 2d 740, 749, 460 N.W.2d 819 (Ct. App. 1990) (concluding a defendant who is aware of amount of restitution set forth in the PSI and does not dispute it is deemed to have constructively stipulated to that amount). Therefore, when the circuit court ordered Williams to pay a third of the restitution, it was effectively requiring him to pay $881.01.
¶16 When there is a conflict between a circuit court's oral pronouncement at sentencing and the written judgment of conviction, it is the oral pronouncement that controls. State v. Prihoda , 2000 WI 123 ¶15, 239 Wis. 2d 244, 618 N.W.2d 857. Accordingly, the judgment of conviction and postconviction order shall be modified to specify that the amount of restitution is $881.01. Based upon the modification, we conclude the circuit court properly rejected Williams' claim that the court failed to follow the statutory procedures for determining restitution after sentencing.
By the Court.- Judgment and order modified and, as modified, affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise stated.