# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP141-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |     Plaintiff-Respondent, |
| |   v. |
| | Dennis L. Schwind, |
| |     Defendant-Appellant-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | May 3, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 21, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | Circuit |
|  COUNTY: | Walworth |
|  JUDGE: | David M. Reddy |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | DALLET, J. concurs and dissents, joined by A.W. BRADLEY, J. (opinion filed). |
|  DISSENTED: | |
|  NOT PARTICIPATING: | ABRAHAMSON, J. did not participate. |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs filed by *Andrew R. Walter* and *Walter Law Offices LLC*, Elkhorn. There was an oral argument by *Andrew R. Walter*.

For the plaintiff-respondent, there was a brief filed by *Kevin M. LeRoy*, deputy solicitor general, with whom on the brief was *Misha Tseytlin*, solicitor general, and *Brad D. Schimel*, attorney general. There was an oral argument by *Kevin M. LeRoy*.

**2019 WI 48**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP141-CR
(L.C. 2000CF407)
No.

STATE OF WISCONSIN     :     IN SUPREME COURT

**State of Wisconsin,**

    **Plaintiff-Respondent,**

    **v.**

**Dennis L. Schwind,**

    **Defendant-Appellant-Petitioner.**

**FILED**

**MAY 3, 2019**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 PATIENCE DRAKE ROGGENSACK, C.J. We review an unpublished summary disposition order of the court of appeals,[1] which affirmed the circuit court's[2] order denying Dennis L. Schwind's motion for early termination of probation. Schwind asserts that the Wisconsin Constitution gives circuit courts the inherent authority to reduce or terminate a term of probation

---

[1] *State v. Schwind*, No. 2017AP141-CR, unpublished order (Wis. Ct. App. Feb. 14, 2018).

[2] The Honorable David M. Reddy of Walworth County presided.

for cause. He argues that Wis. Stat. § 973.09(3)(d),[3] which directs the circuit court that it may reduce or terminate a term of probation if six requirements are met, cannot restrict the court's inherent authority to reduce or terminate a term of probation for cause.

¶2 We conclude that the circuit court does not have inherent authority to grant Schwind's motion for early termination of probation. Inherent authority of courts consists of only those powers that are necessary for the judiciary to accomplish its constitutionally mandated functions and preserve its role as a coequal branch of government. Probation is a statutory creation, and the power to reduce or terminate a term of probation is not necessary for courts to accomplish their constitutionally mandated functions. Therefore, Wisconsin courts do not have the inherent authority to reduce or terminate a period of probation. Accordingly, we affirm the decision of the court of appeals.

I. BACKGROUND

¶3 In 2001, Schwind pled guilty to first-degree sexual assault of a child, incest with a child, and engaging in repeated acts of sexual assault of the same child. Additional counts of incest with a child and engaging in repeated acts of sexual assault with a child were dismissed but read-in at sentencing. Schwind's guilty plea required him to register as a

---

[3] All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

sex offender under Wis. Stat. § 301.45, and the charges exposed him to a maximum sentence of over 100 years in prison. The court accepted Schwind's guilty plea and imposed a 10-year prison sentence, but immediately stayed the sentence and placed him on probation for a term of 25 years. The conditions of his probation included one year of jail time with work release privileges.

¶4 In 2002, Schwind violated the conditions of his probation. He had physical contact with his victim, had sexual contact with an animal, had unsupervised contact with children, and failed a sex offender treatment program. The State did not initiate probation revocation proceedings, but instead requested that he serve another one-year term in the Walworth County Jail. Schwind accepted the State's request and served another one-year jail term. In 2014, after serving 13 years of his 25-year probation term, Schwind filed a motion for early termination of probation.

¶5 Wisconsin Stat. § 973.09(3)(d) directs the circuit court in regard to how it may "modify a person's period of probation and discharge the person from probation" when six requirements are met:

> 1. The department petitions the court to discharge the person from probation.
>
> 2. The probationer has completed 50 percent of his or her period of probation.
>
> 3. The probationer has satisfied all conditions of probation that were set by the sentencing court.

3

    4.  The probationer has satisfied all rules and conditions of probation that were set by the department.

    5.  The probationer has fulfilled all financial obligations to his or her victims, the court, and the department, including the payment of any fine, forfeiture, fee or surcharge, or order of restitution.

    6.  The probationer is not required to register [as a sex offender].

Schwind did not, and could not, argue that he had satisfied all six of these requirements.  He therefore could not argue that Wis. Stat. § 973.09(3)(d) permitted the circuit court to reduce his probation term.

¶6  Schwind instead argued that his petition for early termination of probation relied on the circuit court's inherent authority.  He argued that notwithstanding the requirements of Wis. Stat. § 973.09(3)(d), circuit courts have the inherent authority to reduce or terminate a term of probation, and a statute passed by the legislature cannot take that away.  The State opposed the motion on the grounds that Schwind did not meet the requirements of § 973.09(3)(d), and therefore was not eligible for early termination of his probation.

¶7  The circuit court denied Schwind's motion in January 2015.  In doing so, the circuit court expressed concern that "once you start utilizing some of those inherent powers, that's a slippery slope that this court is not willing to go down."  However, the circuit court did not take a position on whether circuit courts have the inherent authority to terminate probation notwithstanding Wis. Stat. § 973.09(3)(d).  Instead,

4

the circuit court decided that even if it did have the inherent authority to terminate probation early, it would decline to exercise it in this case.

¶8 In May 2016, Schwind filed a motion for reconsideration, again arguing that the circuit court has the inherent authority to terminate probation early and should do so in his case. The circuit court denied Schwind's motion. This time, the circuit court held that it did not have the inherent authority to reduce a term of probation. It pointed out that Wis. Stat. § 973.09(3)(d) "lists six requirements that must be met in order for a circuit court to discharge a probationer," and explained that "these six requirements, which function as conditions precedent to a probationer discharge, would be meaningless if a circuit court had broad discretionary authority . . . to reduce the length of probation for cause."

¶9 The court of appeals affirmed in an unpublished summary disposition order. State v. Schwind, No. 2017AP141-CR, unpublished order (Wis. Ct. App. Feb. 14, 2018). The court of appeals did not decide whether circuit courts have the inherent authority to reduce or terminate a term of probation. Id. at 4. Instead, the court of appeals relied on its previous decision in State v. Dowdy, 2010 WI App 158, 330 Wis. 2d 444, 792 N.W.2d 230 (Dowdy I), aff'd, State v. Dowdy, 2012 WI 12, 338 Wis. 2d 565, 808 N.W.2d 691 (Dowdy II).

¶10 In Dowdy I, the court of appeals "did not decide whether a circuit court possesses the inherent authority to reduce a defendant's probation period." Schwind, No. 2017AP141-

5

CR, unpublished order at 3 (citing Dowdy I, 330 Wis. 2d 444, ¶31). However, the court of appeals opined that if circuit courts were to have inherent authority to modify probation, it could be exercised only in the same limited situations in which a circuit court has the inherent authority to reduce a sentence: clear mistake, a new factor, or undue harshness or unconscionability. Schwind, No. 2017AP141-CR, unpublished order at 3 (citing Dowdy I, 330 Wis. 2d 444, ¶28). The court of appeals decided that none of these limited circumstances existed in Schwind's case; therefore, there was no need actually to decide whether a court's inherent authority to reduce a criminal sentence applies to a probation order. Schwind, No. 2017AP141-CR, unpublished order at 4. We granted Schwind's petition for review, and now affirm the decision of the court of appeals.

## II. DISCUSSION

### A. Standard of Review

¶11 This case requires us to determine whether circuit courts have the inherent authority to reduce or terminate a term of probation. "The issue of judicial authority is a question of law" that we review independently. State v. Henley, 2010 WI 97, ¶29, 328 Wis. 2d 544, 787 N.W.2d 350.

### B. Inherent Authority of Courts

¶12 The Wisconsin Constitution created a court system and expressly granted certain powers to Wisconsin's courts. See Wis. Const. art. VII. In addition to these expressly granted powers, our Constitution also grants courts "those [powers] that are necessary to enable courts to accomplish their

6

constitutionally and legislatively mandated functions." Henley, 328 Wis. 2d 544, ¶73 (citing State ex rel. Friedrich v. Dane Cty. Cir. Ct., 192 Wis. 2d 1, 16, 531 N.W.2d 32 (1995)). The powers that are not expressly granted but are necessary for the courts to function as courts are found within the courts' inherent authority. See, e.g., id.

¶13 Inherent authority is implicit in the Wisconsin Constitution. When the framers created the judiciary in Article VII, they "had in mind that governmental institution known to the common law possessing powers characterizing it as a court and distinguishing it from all other institutions." In re Kading, 70 Wis. 2d 508, 518, 235 N.W.2d 409 (1975). For this reason, the creation of a court system necessarily includes the conferral of those inherent powers that "from time immemorial . . . have been conceded to courts because they are courts." Barland v. Eau Claire Cty., 216 Wis. 2d 560, 565, 575 N.W.2d 691 (1998). Stated otherwise, the Wisconsin Constitution did not devise a new entity called a "court"; rather, by using the word "court," it was referring to the institution known as a court, together with the powers it was understood at common law to necessarily possess. Therefore, we generally consider historical practices when determining whether a certain power is inherent in the judiciary. See, e.g., id. at 592 (explaining that the inherent authority of the courts may "spring[] from historical custom").

¶14 Inherent authority of the court derives from the doctrine of separation of powers, and allows the judiciary to

7

preserve its role as a coequal branch of government. "The Wisconsin [C]onstitution creates three separate coordinate branches of government, no branch subordinate to the other, no branch to arrogate to itself control over the other except as is provided by the constitution, and no branch to exercise the power committed by the constitution to another." Friedrich, 192 Wis. 2d at 13 (citing State v. Holmes, 106 Wis. 2d 31, 42, 315 N.W.2d 703 (1982)). For this reason, issues regarding the scope of inherent authority carry separation of powers concerns, as defining the inherent authority of courts either too narrowly or too broadly has the potential to do harm to the separation of powers among the branches of government. If the inherent authority of courts is defined too broadly, we risk infringing upon the authority of the legislative or executive branches by replacing their policy preferences with our own. See, e.g., Henley, 328 Wis. 2d 544, ¶75 (cautioning courts against invoking inherent authority "to do whatever they think is 'fair' at any given point in time."). If defined too narrowly, however, we risk impeding the judiciary's ability to carry out its constitutionally mandated functions by giving away portions of our inherent authority to the other branches of government.

¶15 Recognizing the need for caution in this area, we are careful to invoke inherent authority if, but only if, invocation is necessary to "maintain [the courts'] dignity, transact their business, [and] accomplish the purposes of their existence." Id., ¶73 (citations omitted). In other words, "[a] power is inherent when it 'is one without which a court cannot properly

function.'" Id. (citing State v. Braunsdorf, 98 Wis. 2d 569, 580, 297 N.W.2d 808 (1980)).

¶16 With these concerns in mind, "Wisconsin courts have generally exercised inherent authority in three areas: (1) to guard against actions that would impair the powers or efficacy of the courts or judicial system; (2) to regulate the bench and bar; and (3) to ensure the efficient and effective functioning of the court, and to fairly administer justice." Henley, 328 Wis. 2d 544, ¶73 (citing City of Sun Prairie v. Davis, 226 Wis. 2d 738, 749-50, 595 N.W.2d 635 (1999)). Inherent authority exercised in all of these areas is necessary to enable the judiciary to carry out its constitutionally mandated functions as a coequal branch of government. See Friedrich, 192 Wis. 2d at 16.

¶17 The first area in which courts have exercised inherent authority involves the internal operations of a court. Davis, 226 Wis. 2d at 749. For example, courts have exercised their inherent authority to prevent the unilateral removal of judicial assistants pursuant to a collective bargaining agreement, Barland, 216 Wis. 2d at 566, and to refuse facilities that were inadequate to carry out a court's business. Davis, 226 Wis. 2d at 749 (citing In re Court Room, 148 Wis. 109, 119-20, 134 N.W. 490 (1912)). This authority is necessary to preserve the efficacy of the court system and allow courts to carry out their constitutional duties.

¶18 The second area, regulating the bench and bar, includes the inherent authority to discipline members of the

9

bar, <u>State ex rel. Fiedler v. Wis. Senate</u>, 155 Wis. 2d 94, 103, 454 N.W.2d 770 (1990), and to resolve disputes regarding representation of a client. <u>Koschkee v. Evers</u>, 2018 WI 82, ¶12, 382 Wis. 2d 666, 913 N.W.2d 878. The inherent authority to regulate the bench and bar is necessary to preserve the judiciary's ability to perform its constitutional duties as a coequal branch of government.

¶19 The third area in which courts have exercised inherent authority, and the area most relevant to this case, involves "ensuring that the court functions efficiently and effectively to provide the fair administration of justice." <u>Davis</u>, 226 Wis. 2d at 749-50 (citation omitted). For example, courts have the inherent authority to hold a person in contempt for failing to appear, <u>Smith v. Burns</u>, 65 Wis. 2d 638, 645, 223 N.W.2d 562 (1974), to appoint counsel for indigent parties in a child in need of protective services (CHIPS) proceeding, <u>Joni B. v. State</u>, 202 Wis. 2d 1, 10, 549 N.W.2d 411 (1996), and "to correct clerical errors at any time." <u>State v. Prihoda</u>, 2000 WI 123, ¶17, 239 Wis. 2d 244, 618 N.W.2d 857. Without the ability to exercise inherent authority in this area, courts would not perform their constitutionally mandated functions. In all three of these areas, courts exercise inherent authority when necessary to allow them to function as courts.

### C. Sentencing and Probation

¶20 We have previously recognized that sentencing is a constitutionally shared power among three branches of government, and that courts have the inherent authority to modify criminal sentences within certain narrowly defined limits. State v. Harbor, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828; see also Hayes v. State, 46 Wis. 2d 93, 101, 175 N.W.2d 625 (1970), overruled on other grounds by State v. Taylor, 60 Wis. 2d 506, 523, 210 N.W.2d 873 (1973). Schwind attempts to widen the scope of this aspect of inherent authority by framing it as the power to modify criminal dispositions more generally, thereby adding reduction and termination of probation to the judiciary's inherent authority. The problem with this framing is that the judiciary's power to sentence and its power to order probation are distinct powers that come from different sources. The judiciary's sentencing power existed at common law and is a part of the Wisconsin Constitution; the power to impose probation, on the other hand, is a statutory creation. Probation, as opposed to sentencing, was not incorporated into the Wisconsin Constitution as a power of the judiciary and it is not necessary for the judiciary to perform its constitutionally mandated functions.

¶21 Sentencing in Wisconsin is an area of shared power among the three branches, as the inherent authority of courts to impose criminal sentences existed at common law prior to the adoption of the Wisconsin Constitution. "It is the function of the legislature to prescribe the penalty and the manner of its

enforcement; the function of the courts to impose the penalty; while it is the function of the executive to grant paroles and pardons."  State v. Horn, 226 Wis. 2d 637, 646, 594 N.W.2d 772 (1999); see also State v. Borrell, 167 Wis. 2d 749, 769, 482 N.W.2d 883 (1992) (explaining that at common law, Wisconsin courts "possessed the inherent and discretionary power to punish violations of law in the absence of a statute prescribing the punishment.").  The judiciary's power at common law went even further than simply sentencing those convicted of violating criminal statutes; in some cases, courts could punish offenders for "[c]ommon-law crimes" in the absence of any violation of a criminal statute. See id.

¶22 Sentencing was therefore understood to be a constitutionally shared power among the three branches in 1848, when the Wisconsin Constitution was ratified.  See id.  The inherent authority to sentence a convicted criminal was therefore implicitly included in the Wisconsin Constitution by the creation of a "court" system.  See, e.g., Kading, 70 Wis. 2d at 518 (explaining that by creating "courts," the Wisconsin Constitution created the "governmental institution known to the common law possessing powers characterizing it as a court and distinguishing it from all other institutions.").

¶23 Probation, on the other hand, is a newer concept.  It is not something Wisconsin courts had the power to do at common law, but is instead a statutory creation.  See, e.g., State ex rel. Zabel v. Milwaukee Cty. Mun. Ct., 179 Wis. 195, 201, 190 N.W. 121 (1923) (the legislature's passage of a probation

12

statute in 1909 "confer[red] a new power upon the court——the power to suspend the execution of the sentence and place the defendant on probation."); Horn, 226 Wis. 2d at 648 ("[A] court could not place a defendant on probation" in the absence of a statute authorizing it to do so.).

¶24 Probation is a possible disposition for an individual who has been convicted of a crime. Wis. Stat. § 973.09(1)(a); see also id. at 647. It is not a sentence; it is an alternative to sentencing. Id. at 648. Probation can be understood as "supervised, conditional freedom." Neil P. Cohen, The Law of Probation and Parole § 1:2 (2d ed.). In lieu of imposing a criminal sentence, the legislature has chosen to allow sentencing courts to either withhold sentencing, or impose a sentence but stay its execution, and instead release the individual into the community subject to "any conditions which appear to be reasonable and appropriate" to the court.[4] Wis. Stat. § 973.09(1)(a).

¶25 We have recognized that "[p]robation is a privilege extended to a convict by the grace of the state. It is not a right." State ex rel. Greer v. Wiedenhoeft, 2014 WI 19, ¶39, 353 Wis. 2d 307, 845 N.W.2d 373; see also Edwards v. State, 74 Wis. 2d 79, 83, 246 N.W.2d 109 (1976) ("Probation is not a matter of right, rather it is a privilege."). "The dual goals

---

[4] Reasonable and appropriate conditions of probation may, in the court's discretion, include a period of confinement not to exceed one year. Wis. Stat. § 973.09(4)(a).

13

of probation are 'the rehabilitation of those convicted of crime and the protection of the state and community interest.'" State v. Sepulveda, 119 Wis. 2d 546, 554, 350 N.W.2d 96 (1984) (citation omitted). By authorizing courts to give probation in lieu of a criminal sentence, the legislature gave the courts a new power to extend the mercy of the state when it decides that "supervised, conditional freedom" will best rehabilitate a defendant while adequately protecting the interests of the state and the community.

¶26 In Horn, 226 Wis. 2d at 647, we said probation is "within powers constitutionally granted to the judiciary." However, this general statement must be understood in context. As mentioned earlier, it is the role of the legislature to prescribe penalties, whereas it is the role of the judiciary to impose penalties within the legislature's prescribed range. For this reason, we recognized in Horn that "the legislature has constitutional authority to offer probation as an alternative to sentencing," and that "[w]ithout such statutory authority, a court could not place a defendant on probation." Id. at 648.

¶27 Therefore, while sentencing and probation have both been described as shared powers with the legislature, the source of the judiciary's power in these two areas is different. Sentencing is a shared power because it comes within the inherent authority of the judiciary, implicit in the Wisconsin Constitution due to its incorporation of common law as it existed in 1848. Given this deeply rooted historical practice, we have recognized that courts have inherent authority to modify

14

sentences within certain narrowly defined limits. See Harbor, 333 Wis. 2d 53, ¶35 (citing State v. Hegwood, 113 Wis. 2d 544, 546, 335 N.W.2d 399 (1983)).

¶28 In contrast, probation is a shared power not because it is a common-law judicial power that was incorporated into the Wisconsin Constitution, but only because the legislature chose to permit it. While courts had the power to impose sentences at common law even in the absence of a legislatively created sentencing range, Borrell, 167 Wis. 2d at 769, courts have never had the power to impose probation without statutory authorization. The legislature could eliminate probation completely if it saw fit, Horn, 226 Wis. 2d at 648, because probation "was unknown to Wisconsin law" prior to its statutory creation in 1909. Drinkwater v. State, 69 Wis. 2d 60, 68-69, 230 N.W.2d 126 (1975). Probation therefore could not have been incorporated into the Wisconsin Constitution as a power that "from time immemorial has been conceded to courts because they are courts," and is not necessary for courts to perform their constitutionally mandated functions.

¶29 This conclusion is confirmed because reducing a term of probation does not fit within any of the three areas in which courts have traditionally exercised inherent authority. Regarding the first area, reducing or terminating a period of probation does not guard against any action that would impair the efficacy of the court system. As mentioned earlier, this area involves the court's internal operations, which has included the inherent authority to prevent the unilateral

15

removal of judicial assistants. See Barland, 216 Wis. 2d at 566. Reducing a probation term does not guard against actions that would impair the efficacy of the courts. Second, the power to reduce a probation term is not related to regulating the bench and bar.

¶30 Third, the power to reduce probation terms is not necessary to ensure "the efficient and effective functioning of the court," or "to fairly administer justice." Henley, 328 Wis. 2d 544, ¶73. As mentioned earlier, the powers exercised in this area, such as appointing counsel to indigent parties or correcting clerical errors,[5] are necessary to enable the court to effectively and efficiently resolve the disputes before it. In contrast, the power to reduce a term of probation can come into existence only after the circuit court has resolved the matter before it. A court that has placed a defendant on probation has

_____

[5] Our conclusion that courts do not have the inherent power to reduce or terminate a term of probation does not mean that courts are unable to correct clerical errors in judgments of probation. As we have previously explained, "the law is clear that a court has the power to correct clerical errors at any time." State v. Prihoda, 2000 WI 123, ¶17, 239 Wis. 2d 244, 618 N.W.2d 857. Correcting a clerical error in a judgment does not constitute a modification of that judgment; rather, it is simply a correction of the record to reflect the judgment the circuit court actually rendered. See, e.g., Hoffman v. State, 88 Wis. 166, 174, 59 N.W. 588 (1894) ("the court has power, after the term, to correct a mistake in the entry of its judgment, so as to make the record conform to the judgment actually pronounced"); accord, Prihoda, 239 Wis. 2d 244, ¶17 n.9. For this reason, courts have always had, and continue to have, the inherent authority to correct clerical errors in their judgments.

either chosen to withhold sentencing, or has chosen to impose a sentence and stay its execution. Wis. Stat. § 973.09(1)(a). In either case, "[t]he adversary system has terminated and the administrative process, vested in the executive branch of the government, directed to the correctional and rehabilitative processes of the parole and probation system has been substituted in its place." Horn, 226 Wis. 2d at 650.

¶31 Likewise, the power to reduce or terminate a term of probation is not necessary to fairly administer justice. As mentioned earlier, "[p]robation is a privilege extended to a convict by the grace of the state. It is not a right." Wiedenhoeft, 353 Wis. 2d 307, ¶39. This said, while the power to reduce a criminal sentence in limited circumstances is necessary for courts to fairly administer justice, the same is not true of the power to reduce probation. An individual who has been erroneously sentenced based on the circuit court's ignorance of a new factor has been unjustly given a greater punishment than he is due. In contrast, an individual placed on probation is already receiving the discretionary privilege of the State's mercy, and cannot similarly argue that the failure to extend him more mercy is a failure to fairly administer justice.

¶32 The legislature has the power to completely eliminate the availability of probation without infringing upon the courts' constitutional duty to fairly administer justice. It follows that the legislature may place reasonable limits on the availability of probation without interfering with the fair

17

administration of justice. "The fair administration of justice is not a license for courts, unconstrained by express statutory authority, to do whatever they think is 'fair' at any given point in time." Henley, 328 Wis. 2d 544, ¶75.

¶33 For these reasons, we conclude that courts do not have the inherent authority to reduce a term of probation. In doing so, we continue construing the judiciary's inherent authority narrowly. See id., ¶74 n.28 ("early cases invoked inherent authority more often because the procedural rules governing courts were somewhere between non-existent and non-exhaustive. See generally Thomas O. Main, Judicial Discretion to Condition, 79 Temp. L. Rev. 1075, 1111-15 (2006) (noting generally that the scope of a court's inherent authority is inversely related to the breadth of procedural statutes and rules the court is subject to). As federal and state courts became subject to more comprehensive rules [], the need for inherent authority lessened.").

¶34 In this case, Schwind's petition for early termination of probation is not based on the circuit court's statutory authority to discharge him from probation under Wis. Stat. § 973.09(3)(d). It is undisputed that he has failed to satisfy at least three of the statutory requirements under this section. That is, the department of corrections did not petition the court to discharge him from probation; he violated the conditions of his probation; and he is required to register as a sex offender under Wis. Stat. § 301.45. He has instead asked the circuit court to use its inherent authority to

18

terminate his probation early. As we have concluded, however, circuit courts have no such power. Section 973.09 provides the sole basis for a circuit court's power to reduce or terminate a term of probation. Because probation was created by statute and Schwind cannot meet the requirements of § 973.09(3)(d), the circuit court has no power to terminate his probation.

### III. CONCLUSION

¶35 We conclude that the circuit court does not have the power to grant Schwind's motion for early termination of probation. Inherent authority of courts consists of only those powers that are necessary for the judiciary to accomplish its constitutionally mandated functions and preserve its role as a coequal branch of government. Probation is a statutory creation, and the power to reduce or terminate a term of probation is not necessary for courts to accomplish their constitutionally mandated functions. Therefore, Wisconsin courts do not have the inherent authority to reduce or terminate a period of probation. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶36 SHIRLEY S. ABRAHAMSON, J., withdrew from participation before oral argument.

¶37 REBECCA FRANK DALLET, J. *(concurring in part, dissenting in part).* The questions before this court are twofold: (1) May a circuit court reduce a term of probation as an exercise of its inherent authority to efficiently and effectively function and to administer justice fairly? And, if so, (2) What limitations should be placed on a circuit court's inherent authority to reduce a term of probation? The majority opinion makes the sweeping conclusion that circuit courts have no inherent authority over probation because it is a statutory creation. I respectfully disagree. I conclude that a circuit court may reduce a term of probation as an exercise of its inherent authority to efficiently and effectively function and to administer justice fairly. I further conclude that the exercise of a circuit court's inherent authority should be circumscribed by the goals of probation: rehabilitating the defendant and protecting the public.

> I. A circuit court may reduce a term of probation as an exercise of its inherent authority to ensure the court functions efficiently and effectively and administers justice fairly.

¶38 Our jurisprudence defines the inherent authority of a circuit court as the power that is "necessary to enable courts to accomplish their constitutionally and legislatively mandated functions." State v. Henley, 2010 WI 97, ¶73, 328 Wis. 2d 544, 787 N.W.2d 350 (citing State ex rel. Friedrich v. Circuit Court for Dane Cty., 192 Wis. 2d 1, 16, 531 N.W.2d 32 (1995)). In other words, inherent authority is authority without which the court cannot function. Relevant to this case, circuit courts

1

have exercised inherent authority "to ensure the efficient and effective functioning of the court, and to fairly administer justice." Henley, 328 Wis. 2d 544, ¶73.

¶39 Within its function to administer justice, circuit courts are called upon to impose a disposition when sentencing persons convicted of crimes, whether that disposition results in a "sentence" of confinement or the imposition of a term of probation. See State v. Horn, 226 Wis. 2d 637, 647-48, 594 N.W.2d 772 (1999) (reasoning that probation "is so closely related to sentencing as a possible criminal disposition" and that it falls within the shared powers of the executive, legislative, and judicial branches). Courts impose probation to further the goals of rehabilitating the defendant and protecting society without placing the defendant in prison. See State v. Gray, 225 Wis. 2d 39, 68, 590 N.W.2d 918 (1999). To accomplish these goals, circuit courts are empowered by Wis. Stat. § 973.09(1)(a) to fashion the terms of probation to meet the rehabilitative needs of the defendant. State v. Hays, 173 Wis. 2d 439, 445, 496 N.W.2d 645 (Ct. App. 1992).

¶40 This court has held that inherent within the probation statute is a circuit court's continuing power to modify probationary terms to effectuate the goals of rehabilitation of the defendant and protection of society.[1] State v. Sepulveda,

_____

[1] According to the majority opinion's reasoning, the circuit court may for cause modify the terms of probation to discontinue all probationary services pursuant to Wis. Stat. § 973.09(3)(a), yet has no inherent authority to reduce the term of probation. This leads to an absurd result.

119 Wis. 2d 546, 554, 350 N.W.2d 96 (1984). We have upheld the exercise of a circuit court's authority to modify the conditions of probation where the intent of probation is frustrated by a court-ordered condition not being met. Id. at 556; see also Gray, 225 Wis. 2d at 69. It is necessary, therefore, that circuit courts also have the inherent authority to reduce a term of probation once the intent of probation is satisfied.

¶41 The majority opinion concludes that a circuit court has no inherent authority to reduce a term of probation for the following reasons: (1) probation is a statutory creation and therefore only the statute provides the parameters of how it may be imposed; (2) the source of the circuit court's inherent authority to impose probation or a sentence comes from the way in which those dispositions were imposed at common law; and (3) probation already confers upon an individual "the discretionary privilege of the State's mercy" such that no other mercy should be granted. Majority op., ¶31. I address each argument in turn.

¶42 First and foremost, a statute cannot limit the circuit court's inherent authority. The issue of whether a circuit court has the statutory authority to reduce a term of probation was already decided by this court in State v. Dowdy, 2012 WI 12, ¶4, 338 Wis. 2d 565, 808 N.W.2d 691 (Dowdy II). The unanswered question in Dowdy II was whether the circuit court has inherent authority to reduce a term of probation, the question now before us. To the extent that Wis. Stat. § 973.09 denominates the disposition of probation, it is no different than other

3

dispositions enacted by the legislature, leaving to the courts the function of imposing those dispositions. See Horn, 226 Wis. 2d at 646. While the majority opinion points to the fact that probation is within the powers that the courts share with the legislature, the fact that this power is shared does not diminish the circuit court's authority to accomplish its constitutionally and legislatively mandated functions and to exercise its inherent authority in doing so. See id. at 643 ("Each branch, separate but co-equal, is not subordinate to another, no branch to arrogate to itself control the other.")

¶43 Second, the majority distinguishes the circuit court's inherent authority to reduce a sentence from that of probation based upon an assumption that only sentencing existed at common law. Although the genesis of our modern adult probation system was approved by the governor in 1909 and codified at Chapter 541 of the Wisconsin Laws of 1909, there are historical analogues to modern day probation. See Edwin C. Conrad, Commentaries on the Wisconsin Law of Probation, 29 Am. Inst. Crim. L. & Criminology 449 (1938-1939) (commenting that despite the lack of power, prior to the enactment of the present probation law, Wisconsin courts had repeatedly suspended sentences in order to give a defendant a chance to improve his or her behavior). Probation as a dispositional alternative is thus not necessarily, as the majority assumes, a "newer concept." Majority op., ¶23.

¶44 Moreover, the common law authority of a court to modify a sentence was extremely limited and could only be exercised during the court's term, as defined by statute, and

4

before the sentence had commenced. <u>Hayes v. State</u>, 46 Wis. 2d 93, 105, 175 N.W.2d 625 (1970), <u>abrogated on other grounds by State v. Taylor</u>, 60 Wis. 2d 506, 523, 210 N.W.2d 873 (1973). In <u>Hayes</u>, this court held that the circuit court's inherent authority to amend, modify, and correct a judgment of sentence extends beyond the authority to do so at common law. <u>Hayes</u>, 46 Wis. 2d at 101. Likewise, the circuit court's authority to reduce a term of probation should not be constricted by the common law imposition of that disposition.

¶45 Finally, the majority concludes that a circuit court's ability to reduce a term of probation is not necessary to fairly administer justice because a probationer has already used up their allotment of mercy granted by the State by being placed on probation in the first place. Based on this reasoning, the majority would thus deny the circuit court inherent authority to reduce a term of probation even where a similarly situated individual seeking sentencing modification would be entitled to a sentence modification. For example, a person serving a prison sentence who cooperates with law enforcement may be entitled to a sentence modification whereas a probationer who cooperates would not. Likewise, applying the majority's reasoning, if the circuit court relied upon incorrect information at sentencing, a defendant sentenced to jail or prison would be entitled to a sentence modification whereas a defendant placed on probation would not. This is far from administering justice. I therefore dissent and conclude that a circuit court may reduce a term of probation as an exercise of its inherent authority to

efficiently and effectively function and to administer justice fairly.

> II. The exercise of the circuit court's inherent authority to reduce a term of probation should be circumscribed by the dual purposes of probation: rehabilitation of the defendant and protection of the public.

¶46 The inherent authority of a circuit court to reduce a term of probation must be limited to only the power necessary to ensure the efficient and effective functioning of the court and the fair administration of justice. The State argues, and the court of appeals agreed, that if this court recognizes a circuit court's inherent authority to reduce a term of probation, the circuit court should use the same criteria as a court evaluating a request to modify a sentence. State v. Dowdy, 2010 WI App 158, ¶31, 330 Wis. 2d 444, 792 N.W.2d 230 (Dowdy I). To prevail on a motion to modify a sentence, a defendant must show either: a clear mistake or illegality, identification of a new factor, or undue harshness or unconscionability. Id., ¶28. A new factor is defined as one the circuit court could not or did not consider at sentencing but should now consider in order to fulfill the purpose of the original sentence. State v. Crochiere, 2004 WI 78, ¶14, 273 Wis. 2d 57, 681 N.W.2d 524, abrogated on other grounds by State v. Harbor, 2011 WI 28, 333 Wis. 2d 53, 797 N.W.2d 828.

¶47 Because sentencing and probation serve different purposes, constraining a circuit court's authority to reduce a term of probation in the same way that it modifies a sentence is an attempt to put a square peg in a round hole. There are four

6

main purposes of sentencing: deterrence, rehabilitation, retribution, and segregation. Dowdy II, 338 Wis. 2d 565, ¶97 (Abrahamson, C.J., dissenting). Finality after sentencing is crucial to assure that the purposes of retribution and deterrence are met. Crochiere, 273 Wis. 2d 57, ¶21; State v. Loomis, 2016 WI 68, ¶96, 371 Wis. 2d 235, 881 N.W.2d 749. The goal of sentence reduction is thus backward-looking in order to correct unjust sentences. See State v. Kluck, 210 Wis. 2d 1, 8-9, 563 N.W.2d 468 (1997). A circuit court's consideration of rehabilitation as a reason to modify a sentence interferes with finality and payment of the debt a defendant owes to society and is therefore not a "new factor" for purposes of sentence modification. Id. at 7; see also Jones v. State, 70 Wis. 2d 62, 72, 233 N.W.2d 441 (1975); State v. Wuensch, 69 Wis. 2d 467, 477, 230 N.W.2d 665 (1975).

¶48 In contrast, probation is forward-looking and therefore a defendant's actions post-sentencing necessarily inform any modification. The purpose of probation is to "protect the public from criminal conduct and to help the probationer become a useful member of society." Wagner v. State, 89 Wis. 2d 70, 77, 277 N.W.2d 849 (1979). Once rehabilitation is achieved, the purposes of probation are served and its term should end. Because of the differing purposes of sentencing and probation, constraining a circuit court's authority to reduce probation in the same way that it modifies a sentence would not further the purposes of probation and would

7

provide no meaningful ability for a defendant to seek a reduction in the term of probation.

¶49 Schwind argues that, similar to the circuit court's ability to modify the terms and conditions of probation, a circuit court's inherent authority to reduce a term of probation should be circumscribed by the "for cause" standard. See Wis. Stat. § 973.09(3)(a) ("Prior to the expiration of any probation period, the court, for cause and by order, may extend probation for a stated period or modify the terms and conditions thereof.") "[F]or cause," however, must be defined narrowly to provide guidance to the circuit court and limit the potential for abuse. See Dowdy I, 330 Wis. 2d 444, ¶27 (noting that a circuit court's inherent authority is "limited"). A requirement that a defendant show by clear and convincing evidence that the goals of probation have been met adequately circumscribes a circuit court's inherent authority to reduce a term of probation and furthers the efficiency and effectiveness of the courts and the fair administration of justice.

¶50 As of June 30, 2018, 66,196 people were on community supervision in the state of Wisconsin. See Division of Community Corrections, Wis. DOC, 2018 A Year in Review (Dec 2018), https://doc.wi.gov/DataResearch/DataAndReports/DCCYearIn Review.pdf. Over 32 million dollars was spent in 2018 alone to purchase products or services for the benefit of these individuals. Id. Once the dual goals of probation are met, it is not only in the interest of each individual defendant, but also in the interest of society, to reduce a defendant's term of

8

probation thereby freeing up precious resources to better serve others in our community.

¶51 If the inherent authority of the courts is defined too narrowly, "we risk impeding the judiciary's ability to carry out its constitutionally mandated functions by giving away portions of our inherent authority to the other branches of government." Majority op., ¶14. The majority eliminates a circuit court's inherent authority to reduce a term of probation and, in so doing, gives away necessary power of the court to administer justice fairly. I conclude that in order to efficiently and effectively function and to fairly administer justice, a circuit court has the inherent authority to reduce a term of probation where a defendant has been rehabilitated and therefore the goals of the probation disposition have been achieved.

¶52 Lastly, I concur in part in affirming the circuit court's decision. The circuit court stated that even if it had the inherent authority to reduce Schwind's term of probation, early termination of probation was not warranted in this case. In making this determination, the circuit court did not erroneously exercise its discretion. Therefore, I concur with the majority opinion in affirming the circuit court's decision to deny Schwind's motion to reduce his term of probation.

¶53 For the foregoing reasons, I concur in part and dissent in part.

¶54 I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence/dissent.

9