# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 2, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1436**

STATE OF WISCONSIN

Cir. Ct. No. **2018FA296**

IN COURT OF APPEALS

---

IN RE THE FINDING OF CONTEMPT IN:
IN RE THE MARRIAGE OF JULIE C. VALADEZ V. RICARDO VALADEZ.

JULIE C. VALADEZ,

   APPELLANT,

 V.

THE HONORABLE MICHAEL J. APRAHAMIAN,

   RESPONDENT.

---

APPEAL from an order of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Reversed*.

¶1      NEUBAUER, J.[1]  Julie C. Valadez appeals from a contempt order issued by the circuit court during post-divorce proceedings.  Valadez argues that the order should be vacated because the circuit court did not comply with the WIS. STAT. § 785.03 contempt procedure when it found her in contempt for failing to comply with circuit court orders.  We agree and reverse and vacate the contempt order.

## II.  BACKGROUND

¶2      These matters arise following the divorce of Valadez from her former husband, Ricardo Valadez.  Valadez has been subject to three prior contempt orders by the circuit court that were appealed to this court, the background and outcome of which are set forth in detail in our decision in *Valadez v. Aprahamian*, Nos. 2021AP994 and 2021AP1186, unpublished slip op. (WI App Feb. 2, 2022), which we also released today.  In those cases, we reversed and vacated two of the three contempt orders, one of which addressed the June 2, 2021 contempt order arising from Valadez's refusal to sign a release relating to a family court services study (the "June 2, 2021 release contempt order").  The June 2, 2021 release contempt order provides background for the contempt order on appeal here.  *Valadez*, Nos. 2021AP994 and 2021AP1186, ¶¶11-17.  As such, we discuss that order summarily and as relevant here but note that the detail is set forth in our other decision.

¶3      The events at issue arise from the guardian ad litem's (GAL) motion for a change of placement of all the Valadez's children from shared placement to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

placement with Mr. Valadez only, as well as a subsequent motion for Valadez to undergo a psychological evaluation. In response to the first motion, at a hearing on March 23, 2021, the circuit court entered an order for a family court services study to be conducted and continued the hearing without making a final decision as to placement.

¶4 At a status hearing on June 2, 2021, the court summarily found Valadez in contempt for refusing to sign a release for the Waukesha County Department of Health and Human Services (DHHS) so that the social worker could access records relating to Valadez and her children for the family court services study—the June 2, 2021 release contempt order. After the court found her in contempt, Valadez signed the release, and the court found Valadez had purged her contempt.[2]

¶5 Subsequently, Valadez called DHSS and revoked the release.

¶6 On July 28-30, 2021, the court conducted an evidentiary hearing related to the GAL's motion for a change in placement of the children. It was determined that records through June 2, when Valadez signed the release and the prior contempt was purged, had been released. However, because Valadez subsequently revoked her release, the court determined that Valadez needed to prepare a stipulated order effectively providing for the release of information by August 4, 2021, advising that Valadez's failure to do so would be in contempt of the order and a jail sanction would be imposed. For ease of reference, we refer to the July 30, 2021 order regarding the release as the "second release order."

---

[2] As noted above and discussed further below, the June 2, 2021 release contempt order was vacated in another opinion which we also released today.

3

¶7 In response to the GAL's second motion, the court also ordered that Valadez undergo a psychological evaluation and ordered that it be accomplished promptly so the report could be used at the final hearing scheduled for October 4, 2021.

¶8 Valadez did not provide a stipulated order regarding the release by August 4.

¶9 On August 9, 2021, the GAL filed a letter with the court stating that Valadez had not completed or signed the necessary referral paperwork for the psychological evaluation and had not scheduled an appointment.

¶10 After receiving the GAL's letter, the court issued an order to show cause on August 10, 2021, as to "why Ms. Valadez should not be held in contempt for her failure to comply" with the July 30, 2021 order regarding the psychological evaluation and for her noncompliance with the order to release records "to remedy her inappropriate revocation of the release the Court had her sign on June 2, 2021, to purge her contempt of court." The court set a hearing to be held three days later on the order to show cause.

¶11 At the August 13 hearing, counsel for Valadez[3] objected to the hearing procedure because it was a nonsummary contempt proceeding, which cannot be initiated by a judge. The court overruled the objection, holding that the contempt "is in part summary because it's a continuation of the summary

---

[3] Although Valadez was ordered to appear at the August 13 hearing, she did not. Neither party contends that this is relevant to this appeal.

contempt that I found in June and also … I have inherent authority to proceed with contempt."

¶12 The court imposed thirty days in jail, concurrently, for each violation, with the opportunity for Valadez to purge her contempt by complying with the prior orders, i.e., sign the release and undergo a psychological evaluation. The court also ordered a bench warrant for Valadez's arrest. On August 17, 2021, the court issued a written order memorializing its oral ruling.[4]

¶13 Valadez appeals.

## II. DISCUSSION

¶14 Valadez contends the circuit court did not comply with the contempt procedure under WIS. STAT. § 785.03 because the nonsummary proceeding could not be initiated by the judge. She points to the court's order to show cause issued on August 10, 2021, to address Valadez's failure to comply with the psychological evaluation order and the second release order, which was ordered sua sponte by the court without a motion from an aggrieved party. She also argues that the finding of contempt cannot be justified under the summary contempt procedure.

¶15 Respondent[5] argues that the court appropriately relied on its inherent authority. Alternatively, Respondent contends a nonsummary proceeding for the

---

[4] In an order dated September 15, 2021, we granted Valadez's motion to stay the jail term imposed in the August 17 order, and we ordered that the bench warrant would not be enforced for the duration of this appeal. We previously stayed enforcement of the bench warrant issued on August 13.

[5] Judge Aprahamian is represented by the Wisconsin Department of Justice. We use the term Respondent for ease of reference.

contempt regarding the psychological evaluation was initiated by the GAL's letter, which qualifies as a motion by an aggrieved party, or that the contempt proceeding as it related to the release was a continuation of the "valid" June 2, 2021 summary contempt order.

*General Principles Regarding Contempt and Standard of Review*

¶16   "'Contempt of court' means intentional:   (a) Misconduct in the presence of the court which interferes with a court proceeding or with the administration of justice, or which impairs the respect due the court; [or] (b) Disobedience, resistance or obstruction of the authority, process or order of a court[.]"  WIS. STAT. § 785.01(1)(a), (b).

¶17   There are two types of contempt procedures:   "nonsummary" and "summary."  WIS. STAT. § 785.03(1), (2).  Section 785.03(1) controls imposition of a nonsummary contempt sanction and § 785.03(2) controls imposition of a summary contempt sanction.[6]   Nonsummary procedure requires "a separate hearing or trial on the contempt charge[.]"  ***Gower v. Circuit Ct. for Marinette Cnty.***, 154 Wis. 2d 1, 9, 452 N.W.2d 354 (1990).  A summary contempt procedure is used for addressing contempt that occurs "in the courtroom while court proceedings are taking place."  ***Id.*** at 12 (citing ***Currie v. Schwalbach***, 139 Wis. 2d 544, 552-53 & n.4, 407 N.W.2d 862 (1987)).[7]

---

[6]  As set forth in WIS. STAT. § 785.03(1), the nonsummary procedure provides for either a remedial sanction or a punitive sanction.  The summary procedure involves solely punitive sanctions.  Sec. 785.03(2).

[7]  ***Currie v. Schwalbach***, 139 Wis. 2d 544, 407 N.W.2d 862 (1987), is also sometimes cited as ***State v. Dewerth***, as was the case in ***Gower v. Circuit Court for Marinette County***, 154 Wis. 2d 1, 8, 452 N.W.2d 354 (1990).  This court will use ***Currie v. Schwalbach*** throughout this opinion.

¶18    In reviewing a circuit court's contempt finding, this court upholds findings of fact underlying a contempt finding if those findings are not clearly erroneous. *Shepard v. Circuit Ct. for Outagamie Cnty.*, 189 Wis. 2d 279, 286, 525 N.W.2d 764 (Ct. App. 1994). However, whether the circuit court properly followed the contempt statute involves interpretation of WIS. STAT. ch. 785 and thus presents a question of law this court reviews independently. *Gower*, 154 Wis. 2d at 8.

*Inherent Authority*

¶19    Although the Respondent is correct that courts have inherent authority deriving from the Wisconsin Constitution, *see State v. Schwind*, 2019 WI 48, ¶¶12-14, 386 Wis. 2d 526, 926 N.W.2d 742, "[f]or over one hundred twenty years … the Wisconsin Supreme Court has recognized legislative regulation of the contempt power, and the court has proscribed the exercise of this power outside of the statutory scheme[,]" *Evans v. Luebke*, 2003 WI App 207, ¶17, 267 Wis. 2d 596, 671 N.W.2d 304. *See also Frisch v. Henrichs*, 2007 WI 102, ¶32, 304 Wis. 2d 1, 736 N.W.2d 85 ("A court's power to use contempt stems from the inherent authority of the court. The power may, however, within limitations, be regulated by the legislature." (citation omitted)); *id.* ("Despite the fact that the power exists independently of statute, this court ruled … that when the procedures and penalties of contempt are prescribed by statute, the statute controls." (citation omitted)); *State ex rel. Lanning v. Lonsdale*, 48 Wis. 348, 367, 4 N.W. 390 (1880).

¶20    The legislature has regulated contempt in WIS. STAT. ch. 785, which thus provides procedures and penalties governing the circuit court's contempt power. Accordingly, we reject Respondent's contention that the contempt order

was authorized pursuant to the circuit court's inherent authority rather than the statutory procedures.

*Nonsummary Contempt Requires a Motion by Someone Other than the Circuit Court*

¶21    Here, as explained below, the contempt findings were based on Valadez's failure to follow the court's orders—typically the subject of nonsummary contempt—not summary contempt that occurs "in the courtroom while court proceedings are taking place." *See Gower*, 154 Wis. 2d at 12 (citation omitted); *see also id.* at 9 (Nonsummary procedure requires "a separate hearing or trial on the contempt charge.").

¶22    The nonsummary contempt procedure under WIS. STAT. § 785.03(1) is initiated either by "[a] person aggrieved by a contempt of court" "filing a motion," § 785.03(1)(a) (remedial sanction), or by a "district attorney of a county, the attorney general or a special prosecutor appointed by the court" "issuing a complaint charging a person with contempt of court," § 785.03(1)(b) (punitive sanction).  The "person aggrieved" for a remedial sanction must be "someone other than the trial court." *Evans*, 267 Wis. 2d 596, ¶23 (citation omitted); *see also Frisch*, 304 Wis. 2d 1, ¶¶32-33.

¶23    Respondent attempts to support its contention that, as to the contempt order regarding the psychological evaluation, the proceeding was properly supported under nonsummary procedure because it was initiated by the GAL.  Namely, Respondent argues that an August 9, 2021 letter to the circuit court from the GAL should be treated as a motion under WIS. STAT. § 785.03(1)(a).  We are not persuaded.  A motion under WIS. STAT. § 802.01(2)(a) "shall state with particularity the grounds therefor, and shall set forth the relief or

order sought." The GAL's letter did not seek any relief from the circuit court, much less request a contempt order and remedial sanction. The letter did nothing more than provide a status "update" on the lack of an evaluation. Respondent fails to identify any authority supporting an argument that we should ignore § 802.01(2)(a) clear directives—using "shall" twice. *See id.*

¶24 Moreover, as Valadez aptly points out, neither the GAL nor the court treated the letter as a motion regarding the psychological evaluation, nor did the court construe it as such. Remember, the court drafted, filed, and issued an order to show cause. At the contempt hearing, the court acknowledged filing the order to show cause *itself* due to concerns about the information provided by the GAL and the lack of response regarding the release of records. The court never once stated that it had scheduled the hearing on the GAL's motion, nor did it require the GAL to present any evidence or offer of proof in support of a motion.

¶25 In fact, the court overruled Valadez's objection to the court's initiative in the contempt proceeding and clarified that the contempt hearing based on its order to show cause was supported by its inherent authority and a continuation of the June 2, 2021 *summary* contempt proceeding. The contempt order itself states that the August 13, 2021 hearing was held "on the Court's Order to Show Cause for Contempt." There is no reference in the four-page contempt order to any motion for contempt.

¶26 The record also shows that there was no mention of a motion by the GAL at the hearing, and it is clear that the GAL knew how to bring a motion for contempt of court, having previously filed orders to show cause as to Valadez's purported contempt related to this case. Respondent's attempt to recharacterize

the impetus for the contempt order regarding the psychological evaluation after the fact is belied by the record.

¶27    In short, we reject Respondent's contention that the GAL's letter served as a motion for contempt as regards the psychological evaluation. Beyond that, the letter did not address the release issue, and Respondent makes no argument that the second release order contempt at issue here was properly supported as a nonsummary proceeding. Again, the contempt order itself makes clear that it was initiated by the court, with its order to show cause, and not an aggrieved party. The circuit court did not comply with the statute as it pertained to a nonsummary proceeding.

*The August 13, 2021 Contempt Order is Not Supported by Summary Procedure.*

¶28    Alternatively, consistent with the court's characterization of the proceeding at the contempt hearing, Respondent argues that the second release order contempt was a continuation of the June 2, 2021 release contempt order, which was entered during a summary contempt proceeding. However, as set forth in *Valadez*, Nos. 2021AP994 and 2021AP1186, ¶¶35-36, the June 2, 2021 release contempt order was vacated. In that proceeding, the court failed to comply with the WIS. STAT. § 785.03 contempt procedure. While the Respondent argues that the June 2, 2021 contempt was a "valid" summary proceeding that was continued in July, we concluded the proceeding and order did not meet the statutory criteria or procedure for a summary proceeding.[8]    *See **Valadez***, Nos. 2021AP994 and

---

[8] As explained, WIS. STAT. § 785.03(2) sets forth the summary contempt procedure. Subsection (2) provides:

> The judge presiding in an action or proceeding may impose a punitive sanction upon a person who commits a contempt of court in the actual presence of the court. The judge shall impose

(continued)

2021AP1186, ¶¶34-35.  Specifically, as we have explained, a summary procedure involves only *punitive* sanctions (the order requiring Valadez to sign the release was remedial) and requires a punitive sanction to be imposed "*immediately* after the contempt of court and *only for the purpose of preserving order* in the court *and protecting the authority and dignity of the court*."  *See id.*; WIS. STAT. § 785.03(2) (emphasis added).[9]

¶29    In short, we rejected the argument that the June 2, 2021 hearing was a proper summary proceeding.  Contrary to the Respondent's contention, the second release order contempt thus cannot be based on violation of the June 2, 2021 release contempt order because that order did not comply with proper summary procedure.

¶30    Moreover, the second release order of July 30 was in fact, new, and clearly so as it relates to the psychological evaluation.  The court's order to show cause and statements in the proceeding made this fact clear; Valadez was to show

---

> the punitive sanction immediately after the contempt of court
> and only for the purpose of preserving order in the court and
> protecting the authority and dignity of the court.

*Id.*    The statute mandates four requirements before a judge may impose summary contempt: "(1) The contumacious act must have been committed in the actual presence of the court; (2) the sanction must be imposed for the purpose of preserving order in court; (3) the sanction must be imposed for the purpose of protecting the authority and dignity of the court; and (4) the sanction must be imposed immediately after the contempt."  *Oliveto v. Circuit Ct. for Crawford Cnty.*, 194 Wis. 2d 418, 429-30, 533 N.W.2d 819 (1995) (citation omitted).

The sanctions which may be imposed are a fine of not more than $500, up to thirty days in jail, or both.  WIS. STAT. § 785.04(2)(b).  No alternative sanctions, or purge conditions, are authorized.  *See id.*  By contrast, in the aim of ensuring compliance, purge conditions are required for remedial nonsummary contempt orders.  *See, e.g.*, *Diane K.J. v. James L.J.*, 196 Wis. 2d 964, 968-969, 539 N.W.2d 703 (Ct. App. 1995)

[9]  The order did not comply with nonsummary procedure either because the court issued the order sua sponte, without a motion from an aggrieved party.

11

cause as to why she should not be held in contempt for "her noncompliance with the Court's order entered on July 30, 2021, that she facilitate the release of CPS information by August 4, 2021[.]" Indeed, records dated prior to the June 2, 2021 order had already been released. Clearly, the court's focus was on release of records going forward from that date. The contempt was for failure to sign the release of information or file a stipulation and order regarding its release, as ordered on July 30, 2021.

¶31 Regardless, the same reasons articulated in vacating the June 2, 2021 release contempt order apply here: the order was remedial (seeking to ensure compliance by requiring Valadez to provide a release), not punitive, and was not imposed to preserve dignity in the court.[10] *See* WIS. STAT. § 785.03(2) (Sanctions imposed for summary contempt are punitive and must be imposed immediately for the purpose of protecting the authority and dignity of the court.); *see also **Diane K.J. v. James L.J.***, 196 Wis. 2d 964, 968-969, 539 N.W.2d 703 (Ct. App. 1995) ("Remedial contempt is imposed to ensure compliance with court orders[,]" while "punitive contempt is geared towards preserving the general authority of a court."). Because the circuit court did not comply with the statute as it pertained to a summary proceeding, its contempt finding is reversed and must be vacated.[11]

---

[10] Valadez also sets forth additional compelling reasons why the second release contempt proceeding was not conducted to determine if she was in violation of the June 2, 2021 order. We need not address them, however, given our conclusions set forth herein regarding the vacation of that order and the focus on this proceeding as relating to the order of July 30, 2021.

[11] Valadez also argues that the court's contempt findings are clearly erroneous. Because our conclusion that the circuit court did not follow proper contempt procedure is dispositive, we need not address this argument. *See **Sweet v. Berge***, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if we resolve an appeal based on one issue, we need not decide the other issues).

*By the Court*.—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.